Opinion issued February 9, 2006 











In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00686-CV




IN RE TALENT TREE CRYSTAL, Relator




Original Proceeding on Petition for Writ of Mandamus




MEMORANDUM OPINION

          Relator, Talent Tree Crystal, Inc.,


 has filed a petition for writ of mandamus
and an application for temporary relief to complain of an order, signed by the trial
court


 on July 12, 2005, which denied relator’s motion to dismiss the fifth amended
petition of the real party-in-interest, DRG, Inc., along with relator’s alternative
motion to stay proceedings pending resolution of a previously filed federal court
action. On July 22, 2005, we issued an order staying all proceedings in trial court
cause number 2004-28558, styled DRG, Inc. v. Talent Tree, Inc. Relator contends
that mandamus should issue to correct the trial court’s clear abuse of its discretion in
denying the motion to dismiss, which was premised on the forum-selection clause in
relator’s franchise agreement with DRG. We conditionally grant mandamus relief. 
                                                        Background
          Relator is a franchisor of an employment staffing agency. DRG had been a
franchisee of relator for 15 years in December 2000, when the parties renewed their
relationship for an additional five-year term. The December 2000 agreement consists
of a renewal “Franchise Agreement” and an “Amendment Rider.” Paragraph 11 of
the amendment rider obligated relator to notify and also to offer to DRG any new
forms of franchise agreements that contained more favorable terms than those in the
franchise agreement that relator and DRG had negotiated. Paragraph 11 also
authorized DRG to elect, during the five-year renewal period and at its option, to
replace its existing agreement by adopting those more favorable franchise-agreement
terms. Section 10(e) of Paragraph 10 of the parties’ franchise agreement, which
pertains to “general legal matters,” states, with respect to “Venue,”
Any cause of action between [relator] and [DRG] arising under this
Agreement will be brought in the United States District Court for the
Southern District of Texas. If that Court lacks jurisdiction, the action
will be brought in the state courts in Houston, Texas, and [DRG]
submits to the jurisdiction of such courts. No rights or causes of action
arising from this Agreement will be lost if these venues are not
available. 

We agree with relator’s contention that section 10(e) of the parties’ agreement
imposes a condition on state-court filing of any actions arising under the franchise
agreement, specifically, that the United States District Court for the Southern District
of Texas lack jurisdiction. Although DRG contends that it is no longer required to
comply with section 10(e), because its current franchise agreement does not contain
a similar provision, the mandamus record demonstrates that DRG’s claims in the
litigation below are premised on its prior franchise agreement that contains section
10(e), as set out above. 
          In June 2004, DRG sued relator, asserting that relator had offered franchise
agreements containing more favorable terms to other franchisees, but had not notified
DRG, in violation of paragraph 11 of the amendment rider, and had thereby deprived
DRG of its right, as provided by paragraph 11 of the 2000 amendment rider, to
exercise its option to elect the more favorable terms. Despite section 10(e) of the
franchise agreement, DRG stated these allegations in an original petition filed in the
respondent trial court and not in the United States District Court for the Southern
District. As subsequently amended through its fifth amended petition, DRG states
claims for specific performance, fraud, breach of contract, and for injunctive,
declaratory, and equitable relief. 
          Relator repeatedly moved to dismiss the original and later amended petitions
based on the forum-selection provisions of section 10(e). The respondent trial court
ultimately issued a signed order denying relator’s motion on July 19, 2005. Seven
days later, relator filed its petition in this Court, seeking to compel the respondent
trial court to dismiss DRG’s fifth amended petition. 
                                      Availability of Mandamus Relief
          A court of appeals may issue a writ of mandamus, “agreeable to the principles
of law regulating those writs,” against a judge of a district court. Tex. Gov’t Code
Ann. § 22.221(b)(1) (Vernon 2004). Mandamus is an extraordinary remedy, that will
issue only to correct a clear abuse of discretion or a violation of a duty imposed by
law when there is no adequate remedy by appeal. In re Ford Motor Co., 165 S.W.3d
315, 317 (Tex. 2005) (citing In re Prudential Ins. Co. of Am., 148 S.W.3d 135–36
(Tex. 2004)); Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992); Johnson v.
Honorable Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985); In re Taylor,
113 S.W.3d 385, 392 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding); see
also In re AIU Ins. Co., 148 S.W.3d 109, 115–120 (Tex. 2004) (addressing
inadequacy of appeal in context of refusal to enforce negotiated forum-selection
clauses and emphasizing parallels to analogous refusal to enforce negotiated
arbitration clause).
          A trial court abuses its discretion when it acts arbitrarily or unreasonably and
without reference to any guiding rules or principles. See Walker, 827 S.W.2d at 839;
In re Taylor, 113 S.W.3d at 389. A trial court has no discretion, however, in
determining what the law is, which law governs, or how to apply the law, and we
therefore review those rulings de novo. See Walker, 827 S.W.2d at 840; see also
Phoenix Network Techs., Ltd. v. Neon Sys, Inc., 177 S.W.3d 605, 611 (Tex.
App.—Houston [1st Dist.] 2005, no pet. h.) (noting that trial court’s ruling on motion
to dismiss based on forum-selection clause reviewed generally for abuse of discretion,
but that de novo review applies to questions pertaining to interpretation of contract
containing forum-selection clause). When we review a discretionary ruling that
results from the trial court’s having resolved underlying facts, we must defer to the
trial court’s factual resolutions and any credibility determinations that may have
affected those resolutions and may not substitute our judgment for the trial court’s
judgment in those matters. See Walker, 827 S.W.2d at 839–40. 
Mandamus to Enforce Forum-Selection Clause
          It is well-settled that a motion to dismiss, by which relator sought to enforce
the forum-selection clause here, is the correct procedural mechanism to enforce a
forum-selection clause. See Phoenix Network Techs., 177 S.W.3d at 611. When the
facts are undisputed, as here, a trial court must enforce a forum-selection clause
unless the opposing party clearly demonstrates that (1) enforcement would be
unreasonable and unjust or (2) the clause is invalid for such reasons such as fraud or
overreaching. Michiana Easy Livin’ Country, Inc. v. Holten, 168 S.W.3d 777, 793
(Tex. 2005); In re Automated Collection Techs., Inc., 156 S.W.3d 557, 559 (Tex.
2004); In re AIU Ins. Co., 148 S.W.3d at 110, 112; see also Phoenix Network Techs.,
177 S.W.3d at 611 (noting, as additional factors for consideration under Supreme
Court precedent, that “‘enforcement would contravene a strong public policy of the
forum in which suit is brought, whether declared by statute or by judicial decision”;
or that the “contractual forum will be so gravely difficult and inconvenient” that the
opponent “will for all practical purposes be deprived of his day in court.’”) (quoting
The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 92 S. Ct. 1907, 1917 (1972)). 
          The burden rests squarely on the party opposing dismissal to the forum
specified in the clause. In re Automated Collection Techs., 156 S.W.3d at 559; see
Phoenix Network Techs., 177 S.W.3d at 614. If that party, in this case, DRG, does
not meet its burden to defeat the forum-selection clause, the trial court must enforce
the clause. See In re Automated Collection Techs., 156 S.W.3d at 559; Michiana
Easy Livin’ Country, Inc., 168 S.W.3d at 793. Moreover, when a trial refuses to
comply with this mandatory duty, the proponent seeking dismissal has no adequate
remedy by appeal because the trial court’s ruling “vitiate[s] and render[s] illusory”
any subsequent appeal. In re AIU Ins. Co., 148 S.W.3d at 115. Mandamus may issue,
therefore, to enforce a forum-selection clause in a proper case. See In re Automated
Collection Techs., Inc., 156 S.W.3d at 559; In re AIU Ins. Co., 148 S.W.3d at 112; In
re Kyocera Wireless Corp., 162 S.W.3d 758, 764 (Tex. App.—El Paso 2005, orig.
proceeding). 
A.      No Invalidity Shown
          Although DRG’s pleadings include allegations of fraud against relator, DRG
did not contend in the respondent trial court and does not contend here, that fraud or
overreaching invalidated section 10(e) of the parties’ franchise agreement. Therefore,
the second of the established challenges under Texas law does not apply. See
Michiana Easy Livin’ Country, Inc., 168 S.W.3d at 793; In re Automated Collection
Techs, Inc., 156 S.W.3d at 559; In re AIU Ins. Co., 148 S.W.3d at 112; Phoenix
Network Techs., Ltd., 177 S.W.3d at 611.
          Within the narrowed framework of a public policy that strongly favors
enforcement and an undisputedly valid forum-selection clause in the parties’
franchise agreement, we determine whether DRG met its burden to defeat the forum-selection clause on which relator relied here in seeking dismissal by clearly
demonstrating that (1) enforcement of the clause would be “unreasonable and unjust,”
e.g., In re Automated Collection Technologies, Inc., 156 S.W.3d at 559, or that (2)
litigating its claims in the Southern District of Texas, the “contractual forum” here,
“will be so gravely difficult and inconvenient” that DRG “will for all practical
purposes be deprived of [its] day in court.” See The Bremen, 407 U.S. at 15, 92 S. Ct.
at 1915–17; Phoenix Network Techs., Ltd., 177 S.W.3d at 611 (quoting The Bremen). 
B.“Dominant Jurisdiction” under Venue Law Does Not Apply
          Before proceeding with the analysis outlined above, we address a preliminary
consideration raised by DRG in opposition to relator’s request that mandamus issue. 
As in the respondent trial court, DRG contends that section 10(e) of the franchise
agreement is not a forum-selection clause but, rather, a contractual venue provision. 
DRG further contends, in reliance on settled venue-law principles, that the respondent
trial court acquired dominant jurisdiction over the case when DRG filed its original
petition in the respondent trial court. See Wyatt v. Shaw Plumbing Co., 760 S.W.2d
245, 248 (Tex. 1988). There is no issue of dominant jurisdiction here. As the
supreme court clarified recently, a question of dominant jurisdiction arises only when
venue is proper in two or more Texas counties. Gonzalez v. Reliant Energy, Inc., 159
S.W.3d 615, 622 (Tex. 2005); see Perry v. Del Rio, 66 S.W.3d 239, 252 (Tex. 2001)
(applying ripeness doctrine to resolve issue of four competing venues).
C.      No Showing that Enforcement Unreasonable or Unjust
          As in the respondent trial court, DRG also presents a public-policy challenge
to enforcing section 10(e) of its franchise agreement with relator. In reliance on State
v. Standard Oil Co., 107 S.W.2d 550 (Tex. 1937), DRG argues that enforcing the
forum-selection clause, by requiring that the respondent yield to the Southern District
of Texas, would contravene the public policy of this State, which prohibits multiple
lawsuits premised on the same transaction. Id. at 559. It is undisputed, however, that
litigation filed by relator against DRG is currently pending in the United States
District Court for the Southern District of Texas—the forum specified in section 10(e)
of the parties’ franchise agreement. Accordingly, we agree with relator that requiring
the respondent trial court to dismiss DRG’s action in accordance with section 10(e)
would not risk piecemeal litigation of related claims, as DRG contends, but instead
tends to avoid that risk. Moreover, as this Court emphasized in Phoenix Network
Techs., Ltd., 177 S.W.3d at 611, the public policy of this State, as demonstrated by
the supreme court’s recent dispositions, now strongly favors the established federal-law preference in favor of enforcing forum-selection clauses. See Michiana Easy
Livin’ Country, Inc., 168 S.W.3d at 793; In re Automated Collection Techs., Inc., 156
S.W.3d at 559; In re AIU Ins. Co., 148 S.W.3d at 112.


 Because DRG did not meet
its burden to defeat section 10(e) of the franchise agreement, the trial court had a
mandatory duty to enforce the clause. See In re Automated Collection Techs., Inc.,
156 S.W.3d at 559. 
D.      No Showing of Grave Difficulty or Inconvenience
          Similarly, DRG did not demonstrate in the trial court and has not demonstrated
here, that pursuing its claims in accordance with section 10(e) would be either gravely
difficult or inconvenient. We therefore hold that DRG did not meet its burden to
defeat the forum-selection clause for that reason. See The Bremen, 407 U.S. at 15,
92 S. Ct. at 1917. 
E.      Lâches Does Not Apply to Preclude Mandamus Relief
          DRG also contends that mandamus should not issue because relator delayed
filing its petition seeking mandamus relief. Well-settled law invokes the equitable
doctrine of lâches to bar granting mandamus relief when the relator delays pursuing
its right to relief. See In re Users Sys. Servs., Inc., 22 S.W.3d 331, 337 (Tex. 1999)
(noting, but declining to apply, lâches doctrine); Rivercenter Assocs. v. Rivera, 858
S.W.2d 366, 367 (Tex. 1993) (applying lâches doctrine to bar mandamus relief based
on four-month delay). 
          DRG contends that, although the respondent trial-court denied relator’s motion
to dismiss on February 11, 2005, relator delayed seeking mandamus relief until July
19, 2005. Yet, the record provided by relator in support of its petition reflects that
respondent signed its order denying relator’s motion to dismiss on July 12, 2005,
specifically, seven days before relator sought relief from this Court. See Tex. R. App.
P. 52.3(j)(1)(A) (requiring that petition be supported with appendix that includes
“certified or sworn copy of any order complained of”). The mandamus record
reflects, therefore, that, although the respondent trial court may have “repeatedly
denied” relator’s previously filed motions to dismiss, relator sought relief here, based
on a signed order, seven days after the respondent trial court denied relator’s motion
to dismiss DRG’s fifth amended petition. It is likewise undisputed that the
supplemental record provided by DRG in opposition to relator’s request that
mandamus issue does not demonstrate that the respondent trial court had issued an
order on which relator could have premised a claim to mandamus relief on February
11, 2004. See id.; see Tex. R. App. P. 52.4(e) (authorizing supplemental appendix in
support of response to petition for writ of mandamus). DRG has not demonstrated
that lâches applies to bar relator’s request for relief by petition for writ of mandamus.
                                                         Conclusion
          Having concluded that DRG did not meet its burden to defeat the forum-selection provisions of section 10(e) of the parties’ franchise agreement, we lift our
stay order of July 22, 2005 and conditionally grant relator’s petition for a writ of
mandamus. We are confident that the respondent trial court will withdraw its order
denying relator’s motion to dismiss DRG’s fifth amended petition and will rule in
accordance with the forum-selection clause in relator’s franchise agreement with
DRG, which requires that both relator and DRG to pursue claims related to their
franchise agreement first in the United States District Court for the Southern District
of Texas, to the extent that court has jurisdiction over those claims. The writ of

mandamus will issue only if the respondent trial court does not dismiss the cause in
accordance with the forum-selection clause.
 
 
                                                             Elsa Alcala
                                                             Justice

Panel consists of Chief Justice Radack and Justices Jennings and Alcala.