### In re AUTOMATED COLLECTION TECHNOLOGIES, INC., Relator.

No. 03–0280.

Supreme Court of Texas.

Dec. 3, 2004.

---

Thomas Dean Malone, Michael T. O'Connor, Law Office of Dean Malone, P.C., Dallas, John Martin Henrich, Richardson, for relator.

Gerald P. Urbach, Aaron Starr Thesman, Hiersche Hayward Drakeley & Urbach, P.C., Addison, for respondent.

PER CURIAM.

The trial court denied a motion to enforce a contractual agreement requiring the parties to litigate all disputes in Montgomery County, Pennsylvania. We recently held that failure to enforce such an agreement constitutes a clear abuse of discretion for which there is no adequate remedy by appeal.[1] We therefore conditionally grant a writ of mandamus directing the trial court to dismiss this case.

Professional Systems Corporation (PSC), a Pennsylvania corporation, sued Automated Collection Technologies, Inc., a Texas corporation, for failure to pay for services rendered pursuant to a written contract. The contract provides:

> **APPLICABLE LAW**—The validity, performance and construction of this Agreement shall be governed by the laws of the Commonwealth of Pennsylvania. The parties hereto consent to the exclusive jurisdiction of the courts of Montgomery County, Pennsylvania. Any ·claim arising out of or related to this Agreement must be brought no later than six months after it has accrued.[2]

Despite this provision, PSC sued Automated in Dallas County, Texas, Automated's principal place of business.

Automated answered with general and special denials and counterclaims for declaratory judgment, fraudulent inducement, breach of contract, negligence, and attorney's fees. Four months later, Automated filed a motion to dismiss based on the foregoing forum-selection clause and

---

1. *In re AIU Ins. Co.,* 148 S.W.3d 109, 115 (Tex.2004).

2. PSC did not sign the underlying contract, which it appears to have drafted, but does not dispute that it is bound by the contract or that it is affirmatively seeking relief based on the contract.

amended its answer to include a request for dismissal. In the interim, Automated had served requests for disclosure, twenty-eight requests for production, twenty-five requests for admissions, and nine interrogatories. Shortly after filing the motion to dismiss, Automated filed a motion to compel discovery, claiming that PSC waived any objections to Automated's first requests for production by failing to timely respond to those requests.

Although PSC is a Pennsylvania corporation, it opposed enforcement of the forum-selection clause, designating Montgomery County, Pennsylvania as the exclusive forum, on the grounds that enforcement of such clauses is permissive, not mandatory. PSC also argued that Automated "waived enforcement of the clause by acting inconsistently with its right to enforce same by seeking affirmative relief and invoking the jurisdiction of the court under the specific contract." PSC never asserted that the forum-selection clause is invalid or unenforceable or that it had suffered any prejudice as a result of Automated's delay, participation in the lawsuit, or counterclaims.

After a hearing at which no evidence was introduced by either party, the trial court denied the motion to dismiss without stating its reasons, but a docket sheet entry notes "waiver found." The court of appeals denied Automated's petition for writ of mandamus, and Automated now seeks mandamus relief from this Court.

■ In *In re AIU Insurance Co.*, we held that enforcement of forum-selection clauses is mandatory unless the party opposing enforcement "clearly show[s] that

enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." [3] PSC has not sustained its burden. PSC submitted no evidence showing that enforcement of the clause would be unreasonable or unjust and does not assert that the clause is invalid. The trial court was therefore required to enforce the forum-selection clause. Because the court failed to do so, mandamus relief is warranted.[4]

■ Automated did not waive enforcement of the forum-selection clause by seeking affirmative relief on the underlying contract and by participating in the underlying litigation. In *AIU*, we addressed a similar waiver argument and concluded that a delay of five months in seeking enforcement of a forum-selection clause along with requesting a jury trial, paying the jury fee, and filing a general denial that did not raise the forum selection issue were not sufficient to waive the forum-selection clause under consideration in that case.[5] In so holding, we relied on cases concerning waiver in the arbitration context, which we found to be analogous. *In re Bruce Terminix Co.*, an arbitration case, held that "[e]ven substantially invoking the judicial process does not waive a party's arbitration rights unless the opposing party proves that it suffered prejudice as a result." [6]

PSC asserts that "[t]he parties have spent significant time and resources litigating this dispute … [and] [a] dismissal would result only in duplication of time and resources that are unnecessary." But this does not establish that PSC has been prejudiced by Automated's participation in

**3.** *Id.* at 112 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)).

**4.** *Id.*

**5.** *Id.*

**6.** *In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex.1998).

the underlying litigation and four-month delay in seeking enforcement of the forum-selection clause. Moreover, PSC chose to initiate proceedings in a forum other than the one to which it contractually agreed and cannot complain about any duplication of time or efforts that resulted from that choice.

For the foregoing reasons, we grant Automated's petition for writ of mandamus and, without hearing oral argument,[7] direct the trial court to promptly dismiss this case. Our writ will issue only if the court fails to do so.

Justice MEDINA did not participate in the decision.