Petition for Writ of Mandamus Conditionally Granted and Memorandum
Opinion filed June 1, 2005









Petition for Writ of Mandamus Conditionally Granted
and Memorandum Opinion filed June 1, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00349-CV

____________

 

IN RE MARTIN PATRICK EVAN, LTD., Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF MANDAMUS

 



 

M E M O R A N D U M   O
P I N I O N

Relator, Martin Patrick Evan, Ltd., filed a petition for writ
of mandamus in this court.  See Tex. Gov=t Code Ann '22.221 (Vernon 2004); see  also
Tex. R. App. P. 52.1.  In its
petition, relator sought to have this court compel the Honorable Mark Davidson
to vacate his order denying relator=s motion to dismiss based on a forum
selection clause and order him to dismiss the underlying suit without prejudice
to refiling it in the proper forum.[1]  We conditionally grant the writ.

 








Background

Real party plaintiff Martin Keith Moore was one of three
incorporators, officers, directors and shareholders of relator, Martin Patrick
Evan, Ltd. (MPE), an Illinois corporation. 
Each of the three shareholders were issued 100 shares of the new
corporation=s stock.  On August 30, 1999, they executed a
Shareholders= Agreement, which sets forth the
rights, duties and obligations of the shareholders and governs the transfer,
sale and disposition of the shareholders= interests in the corporation in the
event of resignation, removal, incapacity or death.  The Shareholders= Agreement also provided that those
shareholders who became directors, officers or employees of MPE would execute an
agreement to protect MPE=s intellectual property rights A[i]n consideration of the mutual
covenants and agreements in this Agreement . . . .@ 
Moore executed the Protection Agreement contemporaneously with the
Shareholders= Agreement, and the signed agreement
was attached to the Shareholders= Agreement as Schedule C.  

The Shareholders= Agreement contains a forum section
clause.  It expressly provides for
mandatory venue in Illinois, as follows:

The venue for any action brought to enforce the
rights, duties, privileges or benefits of this Agreement, or any justiciable
claim arising out of or relating to this agreement shall be brought in either
the Circuit Court of Cook County, Chicago, Illinois, or in the U.S. District
Court for the Northern District of Illinois, Eastern Division at Chicago,
Illinois, at the election of the party initiating the action.  (emphasis added).

 

The Protection Agreement does not contain a separate forum selection
clause.  








Moore resigned from the corporation in August 2004.  He then sought a declaratory judgment that
the non-competition provisions of the Protection Agreement were invalid.  MPE moved to dismiss or, alternatively, to
abate, asserting the Shareholders= Agreement contained a broad,
mandatory forum selection clause requiring any suit arising from or related to
the agreement to be brought in state or federal court in Chicago.  MPE further argued that the forum selection
clause in the Shareholders= Agreement covered the Protection Agreement because the
Protection Agreement was (1) attached to and part of the Shareholders= Agreement, (2) executed
contemporaneously with the Shareholders= Agreement, and (3) part of the
consideration for the Shareholders= Agreement.  Moore=s sole response was that the
Protection Agreement contained no forum selection clause, and the four-corners
rule of contract construction prohibited consideration of the forum clause in
the Shareholders= Agreement.  

After Moore=s suit was filed in Houston, MPE filed suit against Moore in
federal court in Illinois.  MPE=s federal suit seeks damages,
repayment of corporate loans, to enjoin further violation of the Protection
Agreement, and declaratory relief clarifying the buy-sell terms in the
Shareholders= Agreement.  

On March 17, 2005, the trial court conducted a hearing on MPE=s motion to dismiss, at which no
evidence was introduced.  At the
conclusion of the hearing, Judge Davidson denied MPE=s motion, recognizing that the issue
was a close one and encouraging the parties to seek mandamus review.  MPE then filed this petition. 

Standard of Review

Mandamus is an extraordinary remedy that will issue only to
correct a clear abuse of discretion or the violation of a legal duty when there
is no adequate remedy at law.  In re
Masonite Corp., 997 S.W.2d 194, 197 (Tex. 1999).  The trial court abuses its discretion if it
acts arbitrarily or unreasonably, without reference to any guiding
principles.  See Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241‑42 (Tex. 1985).  A trial court=s failure to analyze or apply the law
correctly is an abuse of discretion.  McDaniel
v. Yarbrough, 898 S.W.2d 251, 253 (Tex. 1995).

 








Forum Selection Clauses

A trial court=s decision regarding the validity and enforcement of a forum
selection clause is reviewed under an abuse of discretion standard.  Holeman v. Nat=l Bus. Inst., Inc., 94 S.W.3d 91, 95 (Tex. App.CHouston [14th Dist.] 2002, pet.
denied).  Enforcement of forum
selection clauses is mandatory unless the party opposing enforcement clearly
shows that enforcement would be unreasonable and unjust, or that the clause is
invalid for such reasons as fraud or overreaching.  In re AIU Ins. Co., 148 S.W.3d 109,
112 (Tex. 2004) (citing M/S Bremen v. Zapata Off‑Shore Co., 407
U.S. 1, 15, 92 S. Ct. 1907 (1972)). 
Failure to enforce a forum selection clause in a suit arising from the
contract constitutes a clear abuse of discretion for which there is no adequate
remedy by appeal.  Id. at 115;
see also In re Automated Collection Techs., Inc., 156 S.W.3d 557, 559 (Tex.
2004). 

Discussion

As the party opposing the forum selection clause, Moore had
the burden to show the forum selection clause should not be enforced in his
suit.  A[I]t should be incumbent on the party
seeking to escape his contract to show that trial in the contractual forum will
be so gravely difficult and inconvenient that he will for all practical
purposes be deprived of his day in court.@ 
AIU Ins., 148 S.W.3d at113 (quoting Bremen, 407 U.S. at
18, 92 S.Ct. 1907). 

In this case, Moore has not sustained his burden.  Moore submitted no evidence showing that
enforcement of the clause would be unreasonable or unjust, and he did not
challenge the forum selection clause=s validity.  The State of Illinois is not a Aremote alien forum.@ 
Bremen, 407 U.S. at 17, 92 S.Ct. 1907.  MPE is an Illinois corporation with offices
in Illinois.  The three original
shareholders resided in New York, Illinois, and California.  Moore resided in Illinois before moving to
Houston.  There is no indication that
requiring suit to be filed in Illinois was sought as a means of discouraging
claims.  Nor is there any evidence of
fraud or overreaching.  








Moore=s only argument in both the trial court and this court is
that the forum selection clause does not apply to his claim because the clause
is not part of the Protection Agreement. 
He points out that the Shareholders= Agreement states it is the entire
agreement among the parties and it does not incorporate the Protection
Agreement by reference.  Moore also
asserts the two documents have separate purposes.  Moore argues the contracts must be construed
separately, citing T. O. Stanley Boot, Inc. v. Bank of El Paso, 847
S.W.2d 218, 221 (Tex. 1992).  T.O.
Stanley Boot=s
holding that a court may not supply missing contract terms for which there
is no evidence is inapplicable to the facts before us.  Nor are we persuaded by Moore=s citation to cases discussing the
construction of ambiguous contracts.  See,
e.g., Cook Composites, Inc. v. Westlake Styrene Corp., 15 S.W.3d 124, 132
(Tex. App.CHouston [14th Dist.] 2000, pet. dism=d) (looking within four corners of
agreement to determine intentions of parties). 


Instead, we find that contract construction rules for
ascertaining the intentions of the parties when more than one separate
agreement have been executed are applicable here.  Under general principles of contract law, separate
agreements executed contemporaneously by the same parties, for the same
purposes, as part of the same transaction, are to be construed together.  Jim Walter Homes, Inc. v. Schuenemann,
668 S.W.2d 324, 327 (Tex. 1984);  Ikon
Office Solutions, Inc. v. Eifert, 2 S.W.3d 688, 693 (Tex. App.CHouston [14th Dist.] 1999, no
pet.).  








Thus, the question before this court is whether Moore=s claims are within the scope of the
forum selection clause, i.e., whether his suit Aarises from@ or is Arelated to@ the Shareholders= Agreement.  To answer this question, we look to cases
enforcing arbitration clauses.  The Texas
Supreme Court has consistently granted mandamus relief to enforce arbitration
agreements, which are considered another type of forum selection clause.  See AIU Ins. Co., 148 S.W.3d at
115 (citing Scherk v. Alberto‑Culver Co., 417 U.S. 506, 519, 94
S.Ct. 2449 (1974) (AAn agreement to arbitrate before a specified tribunal is, in
effect, a specialized kind of forum‑selection clause that posits not only
the situs of suit but also the procedure to be used in resolving the dispute.@)). 


Agreements requiring arbitration of disputes Aarising from or relating to@ the agreement have been held to be
broad clauses favoring arbitration.  See,
e.g., AutoNation USA Corp. v. Leroy, 105 S.W.3d 190, 195 (Tex. App.CHouston [14th Dist.] 2003, orig.
proceeding) (holding dispute over Retail Installment Contract was covered by
arbitration clause in separate Purchase Agreement because Abut for@ purchase, there would have been no
financing transaction).  This analysis
applies to the forum selection clause in this case.  

MPE argues that the Protection Agreement is actually part of
the Shareholders= Agreement.  Moore=s suit is based upon the Protection
Agreement, which was signed contemporaneously with, and attached to, the
Shareholders= Agreement.  He seeks to invalidate the non-competition
provisions of the Protection Agreement. 
As one of the grounds for invalidity, Moore asserted in his petition
that the Protection Agreement was not ancillary to or a part of a separate
enforceable agreement.  See Tex. Bus. & Com. Code Ann. ' 15.50(a) (Vernon 2002) (setting
forth criteria for enforceable covenants not to compete).  Thus, central to resolution of the validity
of the non-competition covenant is a determination of whether the Shareholders= Agreement is an Aotherwise enforceable agreement,@ to which the Protection Agreement is
ancillary.  See id.  Accordingly, the enforceability of the
Protection Agreement certainly arises out of or relates to the Shareholders= Agreement.








This conclusion is further supported by recent authority from
the Texas Supreme Court in which the court addressed an arbitration clause
contained in a separate agreement, recognizing that the arbitration agreement
does not have to be included in each of the contract documents it purports to
cover.  See In re AdvancePCS Health
L.P., 48 Tex. Sup. Ct. J. 584, 2005 WL 856961, (Tex. April 15, 2005) (per
curiam) (citing In re FirstMerit Bank, N.A., 52 S.W.3d 749, 752-53, 755
(Tex. 2001)) (applying arbitration clause in loan agreement to entire mobile
home transaction)).  In AdvancePCS,
pharmacies sued a collection company for underpayment of claims from customers= health care plans.  AdvancePCS, at *1.  The collection company sent each pharmacy an
enrollment package comprised of several documents, including a Provider
Agreement containing a broad arbitration clause.  Id. 
The Provider Agreement was the only document in the package containing
an arbitration clause, and it was not signed by the pharmacies.  The court held that as long as the parties
agreed to arbitrate a dispute, it does not matter which document included that
agreement and the agreement does not have to be signed.  Id., at *2 (citing DeWitt County
Elec. Coop., Inc. v. Parks, 1 S.W.3d 96, 102 (Tex. 1999) (requiring
contracts pertaining to same transaction to be construed together)).  The court concluded the trial court abused
its discretion in denying arbitration and granted mandamus relief.  Id., at *4.  Thus, in this case, the fact that the
Protection Agreement does not contain the forum selection clause does not
control our decision.  Therefore, we reject
Moore=s sole challenge to the forum
selection clause.

Conclusion

We hold that the forum selection clause is applicable to
Moore=s suit and it should have been
enforced.  The trial court abused its
discretion in denying MPE=s motion to dismiss. 
Accordingly, we conditionally grant the petition for writ of mandamus
and direct the trial court to promptly dismiss the case without prejudice to
refiling it in a proper forum.  See
Automated Collection Tech., 156 S.W.3d at 559.  Our writ will issue only if the court fails
to do so.

PER CURIAM

 

Petition
Conditionally Granted and Memorandum Opinion filed June 1, 2005.

Panel consists of
Chief Justice Hedges and Justices Fowler and Frost. 











[1]  The underlying
action is styled Martin Keith Moore v. Martin Patrick Evan, Ltd., under
cause number 2004-54336 in the 11th District Court in Harris County, Texas.