NUMBER 13-04-00605-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                       


HACIENDA FORD,                                                                            Appellant,

 

                                                             v.

 

SMART AUTOMOTIVE GROUP, L.L.C.,                                           Appellee.

                                                            
                                                           

    On appeal from the 389th District Court of Hidalgo County,
Texas.

                                                                                                                       


                       MEMORANDUM OPINION

 

               Before Justices Hinojosa,
Rodriguez, and Garza

                         Memorandum
Opinion by Justice Hinojosa

 








Appellant, Hacienda Ford (AHacienda@), appeals from an order of the trial court
dismissing its lawsuit against appellee, Smart Automotive Group, L.L.C. (ASmart Auto@).  In
two issues, Hacienda contends the trial court erred in ordering the dismissal
because a forum-selection clause contained in the contract between the parties
is not enforceable.  We affirm.

                                                             A.  Background

On February 27, 2003, Hacienda entered into a
AContract of Retention@ (Afirst contract@) with Smart Auto.  Under the first contract, Smart Auto was to
advertise, promote, and run a sales campaign from March 12, 2003 through March
22, 2003, in exchange for a promotion fee and a percentage of the gross profits
obtained as a result of the promotion.

On April 11, 2003, Hacienda  entered into a second AContract of Retention@ (Asecond contract@) with Smart Auto.  Under the second contract, Smart Auto was to
run a similar advertising and promotion campaign from April 16, 2003 through
April 19, 2003.  However, on April 15,
2003, Hacienda  received a letter from
the Texas Department of Transportation (ATxDOT@) notifying it that the sales promotion of
March 12th B 22nd had violated several provisions of the
Texas Motor Vehicle Commission Code.  The
letter warned Hacienda that a subsequent violation of the same provisions would
result in a formal complaint against it. 
In response to the letter, Hacienda canceled the sales promotion
scheduled for April 16th B 19th. 








 On
June 13, 2003, Hacienda sued Smart Auto in the 389th District Court of Hidalgo
County, Texas, alleging causes of action in fraud and deceptive trade
practices, and requesting a declaratory judgment that both contracts were void
and unenforceable.  On April 19, 2004,
the trial court rendered a default declaratory judgment against Smart
Auto.  However, on June 29, 2004, the
trial court granted Smart Auto=s motion for new trial.  Smart Auto later moved to dismiss Hacienda=s suit, asserting that the forum-selection
clause and choice-of-law provision contained in the two contracts made the
basis of the suit required any lawsuit to be filed in the State of
Louisiana.  On October 19, 2004, the
trial court granted Smart Auto=s motion to dismiss, without specifying the
reason.  This appeal ensued.

The forum-selection clause found in the two
contracts provides, in relevant part, as follows:

                               Jurisdiction
and Forum-Selection Clause:

 

The parties irrevocably consent that any
legal action or proceedings against it under, arising out of, or in any manner
related to this agreement, must be brought in any court of the state of
Louisiana, Parish of Jefferson.  The
parties, by execution of this agreement, expressly and irrevocably assent and
submit to the personal jurisdiction of any such court in any such action or
proceeding. . . . 

 

                                                     B.  Standard
of Review

We review a trial court=s order of dismissal under an abuse of
discretion standard. Roberts v. Padre Island Brewing Co., 28 S.W.3d 618,
620 (Tex. App.BCorpus Christi 2000, pet. denied).  A trial court abuses its discretion if it
acts Awithout reference to any guiding rules and
principles,@ or in a way that leads to an arbitrary or
unreasonable result.  Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241‑42 (Tex. 1985).  AThe mere fact that a trial judge may decide
a matter within his discretionary authority in a different manner than an
appellate judge in a similar circumstance does not demonstrate that an abuse of
discretion has occurred.@  Id.
at 242.  However, Aa clear failure by a trial court to analyze
or apply the law correctly is an abuse of discretion.@  McDaniel
v. Yarbrough, 898 S.W.2d 251, 253 (Tex. 1995).

                                              C.  Forum-Selection
Clauses








The Texas Supreme Court has determined that Aenforcement of a forum‑selection
clause is mandatory, absent a showing that >enforcement would be unreasonable and unjust
or that the clause was invalid due to fraud or overreaching.=@ See Michiana Easy Livin' Country, Inc.
v. Holten, 168 S.W.3d 777, 793 (Tex. 2005); see also In re
Automated Collection Techs., 156 S.W.3d 557, 559 (Tex. 2004) (per curiam)
(citing In re AIU Ins. Co., 148 S.W.3d 109, 112 (Tex. 2004)).[1]  A forum-selection clause may fall within
these exceptions Aif enforcement would contravene a strong
public policy of the forum in which suit was brought, or when the contractually
selected forum would be seriously inconvenient for trial.@  In
re AIU Ins. Co., 148 S.W.3d at 112 (citing M/S Bremen v. Zapata Off‑Shore
Co., 407 U.S. 1, 15-17 (1972)).  The
party opposing enforcement of the clause bears the burden of showing how such
enforcement would be unreasonable or unjust, or that the clause is
invalid.  In re Automated Collection
Techs., 156 S.W.3d at 559.

                          1.  Forum-Selection Clause Is Not Sufficiently
Conspicuous








Hacienda first argues that the
forum-selection clause is unenforceable because the clause is not sufficiently
conspicuous as required by section 35.53 of the Texas Business and Commerce
Code.  See Tex. Bus. & Com. Code Ann. ' 35.53 (Vernon Supp. 2005).  However, without reaching the merits of
Hacienda=s argument, we conclude that Hacienda  has failed to show that section 35.53 is
applicable in this case.  Section 35.53
applies to contracts Afor the sale, lease, exchange, or other
disposition for value of goods for the price, rental, or other consideration of
$50,000 or less.@  Id.  The only evidence we have found in the record
is the contract itself.  Under the terms
of the contract, Hacienda  retained Athe services@ of Smart Auto Group and agreed to pay a
promotion fee of $19,000 plus Atwenty-eight percent of the AFront-End Gross Profit@ and twenty-eight percent of the total ABack-End Gross Profit@ for each new or used vehicle delivered
during or as a result of the sale.@  We
conclude that the terms of the contract do not invoke section 35.53 of the
Texas Business and Commerce Code.

                   2.  Forum-Selection Clause Contains Waiver of
Substantive Rights

 

Hacienda next argues that enforcement of the
forum-selection clause is unreasonable and unjust because it contains a waiver
of substantive rights.  The clause
provides that:  AThe parties shall not be entitled in any
such action or proceeding to assert any defense given or allowed under the laws
of any state other than the state of Louisiana unless such defense is also
given or allowed by the laws of the state of Louisiana.@ 
However, under the choice-of-law provision contained in both contracts,[2]
Hacienda  has already agreed that the
contracts will be governed by the laws of the state of Louisiana.  Hacienda 
has not challenged this provision of the contracts.  Moreover, Hacienda  has not identified any defenses it might wish
to assert that are available under Texas law but are not available under
Louisiana law.  We conclude that Hacienda
has failed to show how the forum-selection clause constitutes an unjust waiver
of substantive rights.  








                      3.  Contracts Require Illegal Performance of
Contractual Duties

Hacienda further argues that enforcement of
the forum-selection clause is unreasonable and unjust because both contracts
require illegal performance of contractual duties.  In support of this argument, Hacienda  points to the letter it received from TxDOT,
delineating certain aspects of the direct-mail advertisement for the March 12 B 15 sales campaign that violated Texas
law.  It is well settled that a contract
is void when it is for Aa thing which cannot be performed without a
violation of  the law . . . .@  Lewis
v. Davis, 199 S.W.2d 146, 148-49 (Tex. 1947).  However, there is an important distinction
between (1) a contract for an illegal activity, and (2) a contract for a legal
activity that can be performed in an illegal manner.  See id.; cf. In re Kasschau, 11
S.W.3d 305, 313 (Tex. App. 1999) (holding a settlement agreement void where it
called for the destruction of recordings of illegal phone taps in violation of
a statute making it a crime to alter or destroy evidence of a crime even before
the commencement of a criminal proceeding and determining that the action would
be illegal even if the parties waited until after the statute of limitations on
the state wire tap law ran). 
Hacienda  does not argue that it
is illegal to contract for auto sales and marketing services, only that the
manner in which Smart Auto performed the services was illegal.  AA contract that could have been performed in
a legal manner will not be declared void because it may have been performed in
an illegal manner.@  Lewis,
199 S.W.2d at 149.  Accordingly, we
conclude the contracts at issue are not illegal; thus, they cannot be declared
void.

                  4.  Hacienda=s Claims Render Forum-Selection Clause
Inapplicable








Finally, Hacienda  argues that because construction of the
rights and liabilities of the parties under the contracts is not necessary to
determine its claims for fraudulent inducement and deceptive trade practices,
the forum-selection clause is rendered inapplicable.  However, whether a forum-selection clause is
applicable to an asserted cause of action depends on the specific terms of the
clause itself.  See Southwest
Intelecom, Inc. v. Hotel Networks Corp., 997 S.W.2d 322, 324-25 (Tex. App.BAustin 1999, pet. denied).  When a forum-selection clause Aencompasses all causes of action concerning
the contract, the claim that a party was fraudulently induced to enter the
contract does not avoid the forum-selection clause.@  My
Cafe‑CCC, Ltd. v. Lunchstop, Inc., 107 S.W.3d 860, 867 (Tex. App.BDallas 2003, no pet.); cf. Busse v.
Pacific Cattle Feeding Fund #1, 896 S.W.2d 807, 813 (Tex. App.BTexarkana 1995, writ denied) (holding forum
selection clause inapplicable to fraudulent inducement claim where the clause
was limited by its own terms to construction of 
Athis agreement and the rights and
obligations of the parties arising hereto@). 
Therefore, the mere fact that Hacienda pleaded fraudulent inducement
does not void the forum-selection clause. 
See My Cafe‑CCC, Ltd., 107 S.W.3d at 867.  By its own terms, the forum-selection clause
found in both contracts applies to Aany legal action or proceedings . . . under,
arising out of, or in any manner related to this agreement.@ 
Hacienda=s claims arise out of and are related to
both contracts.  Accordingly, we conclude
that Hacienda=s claims do not render the forum-selection
clause inapplicable.

Because Hacienda failed to show that the
forum-selection clause is void or that enforcement of the clause would be
unreasonable or unjust, we conclude the trial court did not abuse its
discretion in enforcing the clause. 
Hacienda=s first and second issues are overruled.








The trial court=s order of dismissal is affirmed.       

 

 

FEDERICO G. HINOJOSA

Justice

 

 

Memorandum
Opinion delivered and filed this

the
27th day of July, 2006.











[1]
We note that before
the United States Supreme Court=s decisions in M/S
Bremen v. Zapata Off‑Shore Co. and Carnival Cruise Lines, Inc. v.
Shute, state courts, including those in Texas, historically had invalidated
forum-selection clauses as violating public policy.  See In re AIU Ins. Co., 148
S.W.3d 109, 111 (Tex. 2004); Phoenix Network Techs. (Europe) Ltd. v. Neon
Sys., 177 S.W.3d 605, 611 (Tex. App.BHouston [1st Dist.] 2005, no pet.); see also M/S
Bremen v. Zapata Off‑Shore Co., 407 U.S. 1 (1972); Carnival Cruise
Lines, Inc. v. Shute, 499 U.S. 585 (1991). 
Once Texas courts began enforcing forum-selection provisions, most Texas
courts of appeals applied a two part test to determine whether a
forum-selection clause was valid and enforceable, and not the standards applied
by the United States Supreme Court in M/S Bremen and Shute.  See Phoenix Network Techs., 177 S.W.3d
at 612 n.4 (collecting cases).  However,
the Texas Supreme Court has recently issued three opinions adopting and
applying the M/S Bremen/Shute standard for evaluating
forum-selection clauses.  See Michiana
Easy Livin' Country, Inc. v. Holten, 168 S.W.3d 777  (Tex. 2005); In re Automated Collection
Techs., 156 S.W.3d 557, 559 (Tex. 2004) (per curiam); In re AIU Ins. Co.,
148 S.W.3d at 112; see also Phoenix Network Techs., 177 S.W.3d at
613-14.  Accordingly, that is the test we
apply today.





[2] The choice-of-law
provision states: AThis agreement shall be
governed by and construed in accordance with the laws of the state of
Louisiana.@