# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00351-CV

## In re Onsite Software, Inc.

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

The trial court denied a motion to enforce a contractual provision requiring the parties to litigate all disputes in New Jersey. The Texas Supreme Court has held that failure to enforce such an agreement "constitutes a clear abuse of discretion for which there is no adequate remedy by appeal." *In re Automated Collection Techs. Inc.*, 156 S.W.3d 557, 558 (Tex. 2004). As a result, we conditionally grant Ace's petition for writ of mandamus directing the trial court to dismiss this case.

On December 8, 2006, Ace Fire Equipment Co. sued Onsite Software, Inc. for breach of contract, common-law fraud, violations of the Texas Deceptive Trade Practices Act, and declaratory judgment—all arising from a license agreement providing for the use and support of a software product. The license agreement in question contains a forum-selection provision, subsection 12(d), which states:

> This license agreement is governed and construed in accordance with the laws of the state of New Jersey. It is agreed that the exclusive jurisdiction with regard to any dispute arising out of this Agreement are [sic] the state and federal courts located there.

Ace filed suit in Travis County, Texas, and Onsite subsequently filed a motion to dismiss based on the foregoing forum-selection clause. The trial court held a hearing on the motion to dismiss on May 30, 2007. Ace filed no response to Onsite's motion and did not submit documents or affidavits in opposition to the motion at the hearing. The trial court overruled the motion to dismiss, and Onsite now seeks mandamus relief from this Court.

In *In re AIU Insurance Co.*, 148 S.W.3d 109 (Tex. 2004), the Texas Supreme Court held that enforcement of forum-selection clauses is mandatory unless the party opposing enforcement "clearly show[s] that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id*. at 112 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). Ace has not submitted evidence showing that enforcement of the clause would be unreasonable and does not assert that the clause is invalid. As a result, the trial court was required to enforce the forum-selection clause. Because the court failed to do so, mandamus relief is warranted. *See id.* at 120 (holding that mandamus relief is proper avenue for enforcing forum-selection clauses because there is no adequate remedy by appeal).

Ace contends that Onsite's petition for writ of mandamus should be denied because Onsite failed to include a statement that no testimony was adduced at the hearing on its motion to dismiss, as required by Texas Rule of Appellate Procedure 52.7(a). However, because Onsite has supplemented the record, as permitted by Texas Rule of Appellate Procedure 52.7(b), to include a statement that no testimony was adduced at the hearing, we will not deny Onsite's petition on such grounds.

Ace also argues that at the hearing on the motion to dismiss, Onsite failed to present evidence of the threshold issue that the parties had consented to a forum-selection clause. We disagree. Prior to the hearing, Onsite filed the affidavit of Michael Paolini, the president of Onsite, in support of its motion to dismiss. This affidavit included both the license agreement and a related software proposal as exhibits. The affidavit, the license agreement, and the software proposal could each be considered evidence suggesting that the parties consented to a forum-selection clause. The trial court's order on Onsite's motion to dismiss states that "after reviewing the papers and pleadings on file in this matter and hearing argument of counsel," the court finds that the motion should be overruled. The order indicates that Paolini's affidavit, as well as the license agreement and software proposal, were reviewed by the trial court in relation to the motion to dismiss.

Ace argues that the forum-selection clause does not apply to the instant case because the underlying dispute does not arise from the license agreement, but from an agreement between Ace and Onsite for both software products and integration and consulting services. Ace asserts that this agreement is evidenced by the software proposal sent to Ace by Onsite and attached to Paolini's affidavit. This proposal, titled "Life Safety Inspector Software Proposal," includes the statement, "Purchase is subject to our standard software license agreement." The proposal also notes that "[i]ntegration and professional services are a key part of making [the software] effective for your company." It is clear from the software proposal that the agreement in question is primarily an agreement concerning the software, and any ancillary services provided will be related to use of the software. Subsection 12(a) of the license agreement states, "This written license agreement is the exclusive agreement between you and us concerning the Software and Documentation and

3

supersedes any and all prior oral or written agreements, negotiations or other dealings between us concerning the Software." The license agreement also states in section 10 that it covers "support and updates to the software." Because the license agreement by its terms is clearly the sole written agreement between Ace and Onsite, covering both software products and related services, we hold that the forum-selection clause in subsection 12(d) of the license agreement applies to the underlying dispute.

For the foregoing reasons, we conditionally grant Onsite's petition for writ of mandamus directing the trial court to dismiss this case. Writ will issue only in the unlikely event that the trial court does not act in accordance with this opinion.

 

_____

Diane Henson, Justice

Before Chief Justice Law, Justices Puryear and Henson

Filed:   August 17, 2007

4