Opinion filed September 25, 2014



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00333-CV

_____

## JOSEPH KURUVILA AND JAMIE JOSEPH, Appellants

## V.

## WELLS FARGO BANK, NATIONAL ASSOCIATION, Appellee

### On Appeal from the 42nd District Court
### Taylor County, Texas
### Trial Court Cause No. 48,450-A

### M E M O R A N D U M   O P I N I O N

In this interlocutory appeal, Appellants, Joseph Kuruvila and Jamie Joseph, challenge an order in which the trial court denied their special appearance. We affirm.

Wells Fargo Bank, National Association, sued Appellants as the guarantors of a loan in which Abilene Townhomes & Condos, Inc. (ATC), a Texas corporation, was the borrower. Appellants are president and vice president of ATC

and are Florida residents. When ATC entered into an agreement to purchase the Courtyard Park Apartments in Abilene, Wells Fargo consented to the purchase and to ATC's assumption of the commercial multifamily note in the original principal amount of $1,400,000. Kuruvila executed the "DEED OF TRUST, NOTE AND OTHER LOAN DOCUMENT ASSUMPTION AND RELEASE AGREEMENT" as president of ATC. The loan was nonrecourse. When ATC assumed the loan, there remained an outstanding principal balance of $1,376,930.12.

Appellants executed a "GUARANTY OF RECOURSE OBLIGATIONS OF BORROWER" in which they "absolutely and unconditionally guarantee[d] to Lender the prompt and unconditional payment" of the entire debt in the event of default, bankruptcy, and other circumstances. Appellants executed the Guaranty Agreement as "Joseph Kuruvila, an individual" and as "Jamie Joseph, an individual." "As a further inducement to Lender to consent to Borrower's assumption of the Loan and in consideration thereof," Appellants agreed to "maintain a place of business or an agent for service of process in Texas," to "irrevocably submit to the nonexclusive jurisdiction of the courts of the State of Texas," and to "irrevocably waive any objection" to venue or to an inconvenient forum. Additionally, the Guaranty Agreement provided that it "shall be deemed to be a contract entered into pursuant to the laws of the State of Texas and shall in all respects be governed, construed, applied[,] and enforced in accordance with applicable federal law and the laws of the State of Texas, without reference or giving effect to any choice of law doctrine."

ATC eventually defaulted on the loan and filed for bankruptcy. When Appellants refused to satisfy the debt, Wells Fargo instituted this suit. Appellants filed a special appearance in which they claimed that they did not have any contacts with Texas in their individual capacity other than the Guaranty Agreement and that this was insufficient contact with Texas to confer jurisdiction. After a

2

hearing, the trial court concluded that it had personal jurisdiction over the nonresident defendants and denied the special appearance.

In a single issue on appeal, Appellants argue that the trial court erred in denying their special appearance. Wells Fargo argues that the trial court had jurisdiction over Appellants because Appellants agreed to it and because Appellants were doing business in Texas. We agree with Wells Fargo that Appellants consented to jurisdiction and that the trial court therefore had jurisdiction.

Whether a court may exercise personal jurisdiction over a nonresident defendant is a question of law that we review de novo. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). When, as here, the trial court does not issue findings of fact and conclusions of law, we infer all facts necessary to support the judgment that are supported by the record. *Id.* at 795. "The plaintiff bears the initial burden of pleading sufficient allegations to bring a nonresident defendant within the provisions of the long-arm statute." *Marchand*, 83 S.W.3d at 793. The burden then shifts to the nonresident defendant to negate all bases for personal jurisdiction. *See id.*

Parties may waive their personal jurisdiction rights and consent to jurisdiction. *Tri-State Bldg. Specialties, Inc. v. NCI Bldg. Sys., L.P.*, 184 S.W.3d 242, 248 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Consent may be evidenced by a forum selection clause in an agreement between the parties. *Id.* In the face of such a provision, parties who challenge its application bear a heavy burden to show why the provision should not be enforced. *Id.*

In this case, the guaranty document that Appellants signed contains a forum selection clause that provides that they "irrevocably submit to the nonexclusive jurisdiction of the courts of the State of Texas" and that they "irrevocably waive any objection" to venue or to an inconvenient forum. In those provisions,

3

Appellants irrevocably submit to the nonexclusive jurisdiction of Texas courts. Appellants provide neither reference to evidence nor argument to convince us that the agreement regarding forum selection should not be enforced. The conclusory statement that "[c]oming over to Texas for the purposes of this litigation would impose a time and economic hardship" is not sufficient to show that the enforcement of the forum selection provision would be unreasonable and unjust or that the clause was invalid due to fraud or overreaching. *In re Automated Collection Techs., Inc.*, 156 S.W.3d 557, 559 (Tex. 2004); *In re AIU Ins. Co.*, 148 S.W.3d 109, 112 (Tex. 2004). Neither have Appellants shown that the agreed forum is inconvenient to the extent that the litigation is such that it deprives them of their day in court. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *see also Tri-State Bldg.*, 184 S.W.3d at 248. Appellants have not shown that their agreement regarding personal jurisdiction should not be enforced. We hold that Appellants consented to jurisdiction in the courts of the State of Texas and that the trial court did not err when it so held. Appellants' sole issue on appeal is overruled.

We affirm the order of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE

September 25, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.