**Opinion issued March 7, 2024**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

### NO. 01-23-00780-CV

———————————

## IN RE APEX TOOL GROUP, Relator

———————————

### Original Proceeding on Petition for Writ of Mandamus

———————————

## MEMORANDUM OPINION

This mandamus proceeding involves the application and enforcement of a forum-selection clause in an electronic-components supply agreement. Apex Tool Group, LLC ("ATG") maintains that the trial court abused its discretion by not enforcing the forum-selection clause and denying ATG's motion to dismiss.[1]

---

[1] The underlying case is *MacroFab, Inc. v. Apex Tool Group, LLC*, cause number 2023-35711, pending in the 152nd District Court of Harris County, the Honorable Robert Shaffer presiding.

We agree and conditionally grant a writ of mandamus directing the trial court to dismiss this case.

## Background

ATG is a Delaware limited liability company with its principal office in North Carolina. It manufactures professional hand and power tools. MacroFab, Inc. is an electronic manufacturing company based in Houston, Texas. In 2021, ATG approached MacroFab about helping to build its CellClutch device, a cordless electric power tool. On March 31, 2021, ATG and MacroFab executed a Letter of Intent authorizing MacroFab to purchase the necessary components for production of the CellClutch device for 18 months—for which ATG would subsequently issue purchase orders.[2]

The Letter of Intent provided that the "estimated component value is in the range of $1,204,410 which [ATG] will be liable for during the duration of time no [ATG] Purchase Order is available" and that "[t]he liability will be based upon Macro[F]ab Group meeting all Quality and Specifications related to the finished product." MacroFab contends that it "order[ed] the required number of component parts, assembled a number of CellClutch units, and shipped them to [ATG]."

---

[2] MacroFab's pleadings and briefing refer to letters of intent in the plural, but the record before us only includes the single Letter of Intent.

Between April 21, 2021 and May 6, 2022, ATG sent 20 purchase orders to MacroFab. Each purchase order "is based exclusively on [ATG's] Purchase Order Terms and Conditions." After determining that demand for the CellClutch was below expectations, ATG notified MacroFab that it should cease any further assembly of the CellClutch—and that ATG would terminate the existing purchase orders. MacroFab alleged that it agreed to the termination of the outstanding purchase orders in reliance on ATG's asserted representation that it would issue new purchase orders for the unassembled components that MacroFab had already purchased.

The underlying dispute ensued. MacroFab eventually sued ATG in Houston, Texas, for breach of contract. MacroFab alleged that ATG failed to honor its promise to purchase MacroFab's remaining inventory, valued at $1,792.971.50.

### *Motion to Dismiss*

ATG answered the lawsuit subject to a motion to dismiss. ATG asserted that the parties are bound by the forum-selection clause in the purchase orders that were sent to MacroFab. The forum-selection clause mandates that all suits, actions or proceedings "arising out of or based upon such Order or the Products provided hereunder" shall be brought in the federal or state courts located in Mecklenburg County, North Carolina.

ATG argued that "MacroFab's claims arise under or relate to ATG's alleged breach of the purchase orders as well as the Letter of Intent allegedly requiring certain purchase volumes."

***Response to Motion to Dismiss***

MacroFab responded that its claims do not arise from the purchase orders and that the forum-selection clause is therefore not applicable. According to MacroFab, it seeks reimbursement of costs incurred for components purchased in reliance on ATG's Letter of Intent, which does not contain a forum-selection clause. MacroFab's response included the unsworn declaration of Randall Merritt, Senior Director of Operations at MacroFab. *See* TEX. CIV. PRAC. & REM. CODE § 132.001. It asserts that during a phone call he had with ATG, an ATG employee "acknowledged that MacroFab had a large inventory of component parts it had purchased, based on the Letter of Intent and Purchase Orders."

***Hearing on Motion to Dismiss***

At the hearing on the motion to dismiss, ATG showed that every purchase order has a reference and link to the Terms and Conditions which includes the forum-selection clause. ATG agreed that the purchase orders were cancelled and that no pending purchase orders exist—but that the parties stipulated in the Terms

4

and Conditions that the forum-selection clause would survive any termination of the purchase orders.[3]

The trial court asked MacroFab if it disputed whether the forum-selection clause is incorporated into the purchase orders. MacroFab indicated that it did not address that issue in its response to the motion to dismiss because, in its view, the purchase orders are not part of its claims. Rather, as MacroFab stated, its claims are based on the Letter of Intent.

ATG replied that MacroFab's claims are "really based on these purchase orders that came after the Letter of Intent" and that the Letter of Intent is a valid contract.

The trial court subsequently signed a written order denying ATG's motion to dismiss. ATG now seeks mandamus relief from this Court.

**Standard of Review and Applicable Law**

To be entitled to the extraordinary remedy of mandamus, a relator must demonstrate that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *See In re State Farm Mut. Auto. Ins. Co.*, 629

---

[3]    A forum-selection clause in an expired contract can still be enforced. *See Deep Water Slender Wells, Ltd. v. Shell Int'l Expl. & Prod., Inc.*, 234 S.W.3d 679, 691 (Tex. App.—Houston [14th Court.] 2007, pet. denied) (holding that forum-selection clause survived expired consulting agreement); *Tex. Source Grp., Inc. v. CCH, Inc.*, 967 F. Supp. 234, 238–39 (S.D. Tex. 1997) (enforcing forum-selection clause even though prior agreement that contained forum-selection clause had expired by its own terms before lawsuit was filed).

S.W.3d 866, 872 (Tex. 2021) (orig. proceeding). A trial court abuses its discretion when it fails to properly interpret or apply a forum-selection clause. *In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex. 2010) (orig. proceeding).

In this context, an appellate remedy is inadequate when the trial court improperly refuses to enforce a forum-selection clause because allowing the trial to go forward will "vitiate and render illusory the subject matter of an appeal"—i.e., trial in the proper forum. *In re AIU Ins. Co.*, 148 S.W.3d 109, 115 (Tex. 2004) (orig. proceeding) (quoting *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992)). Subjecting a party to trial in a forum other than the contractually chosen one amounts to "'clear harassment' . . . injecting inefficiency by enabling forum-shopping, wasting judicial resources, delaying adjudication on the merits, and skewing settlement dynamics." *In re AutoNation Inc.*, 228 S.W.3d 663, 667–68 (Tex. 2007) (orig. proceeding) (quoting *AIU Ins.*, 148 S.W.3d at 117).

Forum-selection clauses are generally enforceable, and a party opposing enforcement bears a heavy burden. *See In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 677 (Tex. 2009) (orig. proceeding). That party must clearly show that enforcement of the forum-selection clause would be unreasonable and unjust, or that the clause is invalid for some reason. *In re Automated Collection Techs., Inc.*, 156 S.W.3d 557, 559 (Tex. 2004) (orig. proceeding). Accordingly, a trial court abuses its discretion if it refuses to enforce a forum-selection clause unless it is

established that (1) the clause is invalid for reasons of fraud or overreaching, (2) enforcement would be unreasonable or unjust, (3) enforcement would contravene a strong public policy of the forum where the suit was brought, or (4) the selected forum would be seriously inconvenient for trial. *In re ADM Inv'r Servs., Inc.*, 304 S.W.3d 371, 374–75 (Tex. 2010) (original proceeding). Additionally, a forum-selection clause cannot be circumvented by artful pleading. *Int'l Profit*, 274 S.W.3d at 677.

## Scope of the Forum-Selection Clause

Here, ATG asserts that the forum-selection clause is controlling and that the trial court abused its discretion in denying ATG's motion to dismiss. MacroFab does not dispute that (1) the forum-selection clause is unambiguous; (2) the forum-selection clause is incorporated by reference into the purchase orders; (3) the forum-selection clause is mandatory and exclusive; (4) the forum-selection clause survives the termination of the purchase orders; (5) the forum-selection clause is valid and enforceable; and (6) ATG has no adequate remedy by appeal. Instead, MacroFab only asserts that its claims are not subject to the forum-selection clause. As a result, we limit our analysis accordingly.

Whether MacroFab's claims fall within the ambit of the forum-selection clause depends on the parties' intent as expressed in their agreement and a "common-sense examination" of the substantive factual allegations. *See Pinto*

7

*Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428, 437 (Tex. 2017) (citing *Int'l Profit*, 274 S.W.3d at 677). "Legal theories and causes of action are not controlling." *Id*. "Rather, we avoid 'slavish adherence to a contract/tort distinction,' because doing otherwise 'would allow a litigant to avoid a forum-selection clause with artful pleading.'" *Id*. Thus, the starting point of our inquiry is the plain language of the forum-selection clause. *See id*.

As referenced above, the forum-selection clause in this case states that "[e]ach party irrevocably submits to the exclusive jurisdiction and venue of the federal and state courts located in the County of Mecklenburg, North Carolina in any legal suit, action or proceeding *arising out of* or based upon such Order or the Products provided hereunder." (Emphasis added). The Terms and Conditions define "Order" as a "purchase order" and "Products" as "the purchase of products and services."

ATG asserts that this language is broad enough to cover both the Letter of Intent and the purchase orders that contain the Terms and Conditions and forum-selection clause. MacroFab, on the other hand, contends that its claims are not subject to the forum-selection clause because it sued only on the promises made within the Letter of Intent—not on the purchase orders or any products pursuant to a purchase order.

MacroFab's argument fails to recognize that the plain language of the forum-selection clause is not limited to just purchase orders or products. It broadly applies to any lawsuit "arising out" of such purchase orders or products provided thereunder. The Texas Supreme Court has explained that the words "arising out of" in a forum-selection clause have "broad[] significance" and connote a "but for" causal connection, which "literally embraces every event that hindsight can logically identify in the causative chain." *Pinto Tech.*, 526 S.W.3d at 437 (citing *In re NEXT Fin. Grp.*, 271 S.W.3d 263, 268 (Tex. 2008) (orig. proceeding)); *see SH Salon L.L.C. v. Midtown Mkt. Missouri City, TX, L.L.C.*, 632 S.W.3d 655, 658 (Tex. App.—Houston [14th Dist.] 2021, no pet.).

Here, the Letter of Intent and the purchase orders involve the same parties and refer to the same component parts used for assembling the CellClutch device. The Letter of Intent (1) authorizes MacroFab to purchase components to support production of the CellClutch device, (2) estimates the component value at $1,204,410, (3) states that ATG will be liable for this value "during the duration of time no [ATG] Purchase Order is available," and (4) provides that "liability will be based upon Macro[F]ab Group meeting all Quality and Specifications related to the finished product."

And the Letter of Intent specifically refers to the purchase orders—which contain the Terms and Conditions that include the forum-selection clause. Indeed,

9

the purchase orders are an integral part of MacroFab's claimed damages under the Letter of Intent. *See Pinto Tech.*, 526 S.W.3d at 441. In the absence of the purchase orders, MacroFab would have no basis to sue ATG for any failure to pay. *See In re Lisa Laser USA, Inc.*, 310 S.W.3d 880, 886 (Tex. 2010) (orig. proceeding) (holding that forum-selection clause applied to claim that would have no basis but for agreement containing clause); *see also SH Salon*, 632 S.W.3d at 658.

This conclusion is reinforced by MacroFab's original petition—the live pleading at the time the trial court ruled on the motion to dismiss. MacroFab pleaded as follows:

> MacroFab has brought this suit against [ATG] to recover damages it suffered as a result of [ATG] breaching agreements with MacroFab for the purchase of component parts specially ordered by MacroFab at the request of [ATG], along with other damages.
>
> . . .
>
> In an effort to assist [ATG] in mitigating its losses, MacroFab agreed to a request from [ATG] to terminate the existing *purchase orders*, and for [ATG] to issue new *purchase orders*, but only for the components, unassembled.
>
> . . .
>
> MacroFab agreed to termination of the existing *orders* in reliance on [ATG's] representation that it would issue new *orders* solely for the components, which [ATG] did not do. This failure by [ATG] constitutes a breach of the agreements between [ATG] and MacroFab, and is the producing cause of MacroFab's damages.

10

. . .

> Pleading further and in the alternative, [ATG] requested that MacroFab incur costs specially ordering components for the manufacture of [ATG's] CellClutch, both through Letters of Intent and *purchase orders* [and] MacroFab has purchased components pursuant to the letters of intent issued, and there are no available *purchase orders*. [ATG] has breached the letters of intent by failing to reimburse MacroFab for the specially purchased components *purchased* at [ATG's] request and pursuant to the Letters of Intent.

(Emphasis added).

At a minimum, MacroFab conceded in its original petition that the Letter of Intent and purchase orders form the basis of its lawsuit. MacroFab later amended its original petition, after the trial court ruled and after ATG sought mandamus relief, to remove the language indicating that it was relying on the purchase orders to support its claim. But MacroFab's amended petition is of no avail. We must review the record as it existed at the time the trial court ruled. *See In re Bristol-Myers Squibb Co.*, 975 S.W.2d 601, 605 (Tex. 1998) (orig. proceeding). A litigant cannot avoid a forum-selection clause with artful pleading.[4] *See Int'l Profit*, 274 S.W.3d at 677.

Moreover, Randall Merritt's affidavit, which was attached to MacroFab's response to the motion to dismiss, states that "[ATG] sen[t] purchase orders to

---

[4] We may look to original and amended petitions in determining whether a plaintiff has attempted to circumvent a forum-selection clause through artful pleading. *See In re Killick Aerospace Ltd.*, No. 02-20-00280-CV, 2020 WL 7639575, at *4 (Tex. App.—Fort Worth Dec. 23, 2020, no pet.) (mem. op.).

11

MacroFab for the CellClutch assemblies, which included assembly in part of the component parts which MacroFab had purchased in reliance upon the Letter of Intent" and that ATG "acknowledged that MacroFab had a large inventory of component parts it had purchased, based on the Letter of Intent *and* Purchase Orders." (Emphasis added).

In sum, MacroFab's original petition demonstrates that it seeks to recover the value of its remaining inventory of components that are listed on the Letter of Intent *and* in the purchase orders. No matter how MacroFab characterizes or artfully pleads its claims, the claims arise from the contractual relationship between the parties, and not solely from the Letter of Intent. *See Int'l Profit*, 274 S.W.3d at 678; *see also Pinto Tech.*, 526 S.W.3d at 440 (noting that "forum-selection clause should be denied force only 'if the facts alleged in support of the claim stand alone, are completely independent of the contract, and the claim could be maintained without reference to the contract'") (citing *AutoNation USA Corp. v. Leroy*, 105 S.W.3d 190, 194–95 (Tex. App.—Houston [14th Dist.] 2003, no pet.). We therefore conclude that MacroFab's claims fall within the broad scope of the forum-selection clause.

Moreover, MacroFab did not sustain its heavy burden of establishing an exception to enforcement of the forum-selection clause. *See ADM Inv'r Servs.*, 304 S.W.3d at 374–75. It submitted no evidence that enforcement of the forum-

selection clause would be unreasonable or unjust, or seriously inconvenient. And it does not assert that the clause is invalid in any way. *See id*; *see also Automated Collection Techs.,* 156 S.W.3d at 559. As a result, we further conclude that the trial court clearly abused its discretion in denying ATG's motion to dismiss. And there is no adequate remedy by appeal as a matter of law when a trial court refuses to enforce a forum-selection clause. *ADM Inv'r Servs*., 304 S.W.3d at 376.

## Conclusion

Accordingly, for all of these reasons, we conditionally grant ATG's petition for writ of mandamus and direct the trial court to grant ATG's motion to dismiss. The writ will issue only if the trial court fails to do so. We withdraw our stay order issued on February 5, 2024.


Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Guerra and Farris.