# NO. 12-08-00125-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  | § |  |
| --- | --- | --- |
| *IN RE: ADM INVESTOR SERVICES, INC., RELATOR* | § | *ORIGINAL PROCEEDING* |
|  | § |  |

## *OPINION*

ADM Investor Services, Inc. filed a petition for writ of mandamus challenging the trial court's February 11, 2008 order denying its motion to dismiss.[1]  We deny the writ.

## FACTUAL BACKGROUND

On March 29, 2001, Jetta Prescott and Mark Lowther signed an agreement with Texas Trading Company, Inc. for ADM to trade commodities on the Chicago Board of Trade on their behalf.[2]  Texas Trading, through its owner Charles Dawson, acted as ADM's agent in all of its dealings with Prescott.  Under the agreement, when Prescott's account balance had a deficit of over $50,000.00, ADM was authorized to close the account and collect any deficiencies from Dawson.  In early 2004, Prescott's commodity account reached a negative balance of $57,844.29.  ADM closed her account and collected this amount from Dawson.  Dawson then filed suit in his individual capacity against Prescott and obtained a judgment against her.

---

[1] Respondent is the Honorable Richard A. Beacom, Jr., Judge of the 154th Judicial District Court of Rains County, Texas.

[2] Because Lowther is not a party to this proceeding, we will not refer to him further in this opinion.

PROCEDURAL BACKGROUND

Prescott filed a suit against Texas Trading and ADM alleging they were jointly and severally liable under various legal theories, including fraud, breach of fiduciary duty, and negligence. Texas Trading filed an original answer and a motion to transfer venue from Rains County to Hopkins County. Later, ADM filed an original answer to the suit along with a motion to dismiss relying on a forum selection clause in the contract and, alternatively, a motion to transfer venue to Hopkins County, Texas.

The forum selection clause contained in the contract states as follows:

> All actions or proceedings arising directly, indirectly or otherwise, in connection with, out of, related to, or from this Agreement or any transaction covered hereby shall be governed by the law of Illinois and may, at the discretion and election of [ADM], be litigated in courts whose situs is within Illinois.

A motion to dismiss is the proper procedural mechanism for enforcing a forum selection clause that a party to the agreement has violated in filing suit. *Deep Water Slender Wells v. Shell Intern.*, 234 S.W.3d 679, 687 (Tex. App.–Houston [14th Dist.] 2007, pet. filed).

On November 6, 2007, the court set a hearing for January 11, 2008 on Texas Trading's motion to transfer venue. By letter dated January 7, 2008, ADM requested that a hearing on its motion to dismiss be set for February 8, 2008. On January 10, 2008, the court set a hearing for February 11, 2008 on ADM's motion to dismiss. At the hearing on Texas Trading's motion to transfer venue, Prescott objected to the transfer, but ADM did not make an appearance. Following the hearing, the trial court entered an order granting Texas Transfer's motion to transfer venue, severing Prescott's suit against Texas Trading from her suit against ADM, and transferring her suit against Texas Trading to Hopkins County.

A month later, the court heard ADM's motion to dismiss Prescott's suit against it. Following this hearing, the trial court entered an order denying ADM's motion to dismiss. On the same date, it issued a letter explaining its ruling, which in part read as follows:

> The forum selection-clause taken alone is enforceable, and if [ADM] was the lone defendant, I would grant the dismissal.
>
> However the co-defendant, Texas Trading Company, which acts as an agent [for ADM] in Texas, is being sued for the same causes of action. It seems unreasonable to the Court for Plaintiff to have to pursue the same cause of action against two defendants in two different states.

2

This original proceeding followed.

## AVAILABILITY OF MANDAMUS

Ordinarily, mandamus will issue if the relator establishes a clear abuse of discretion for which there is no adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005).

As a general rule, the relator has the burden to establish both prerequisites to mandamus relief. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994). However, the Texas Supreme Court has held that there is no adequate remedy by appeal when a trial court refuses to enforce a forum selection clause. *In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670, 679 (Tex. 2007); *see also In re AutoNation, Inc.*, 228 S.W.3d 663, 667 (Tex. 2007) (holding that mandamus relief is available to enforce forum selection clauses). Consequently, the only issue before us is whether the trial court abused its discretion by denying ADM's motion to dismiss.

## WAIVER OF FORUM SELECTION CLAUSE

ADM contends in this proceeding that the trial court abused its discretion in denying its motion to dismiss, which was filed to enforce the forum selection clause in Prescott's contract. In response, Prescott alleges that ADM waived its right to enforce its forum selection clause by allowing its agent, Texas Trading, to have Prescott's lawsuit against Texas Trading severed and transferred to Hopkins County.

**Forum Selection Clauses**

Enforcement of forum selection clauses is mandatory unless the party opposing enforcement clearly shows that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching. *In re Automated Collection Technologies, Inc.*, 156 S.W.3d 557, 559 (Tex. 2004). Forum selection clauses apply to all parties to the transaction. *See NOOC Southeast Asia Ltd. v. Paladin Resources (SUNDA) Ltd.*, 222 S.W.3d 889, 898 (Tex. App.–Dallas 2007, pet. denied). However, the enforcement of forum selection clauses can be waived. *See, e.g.,*

*In re AIU Ins. Co.*, 148 S.W.3d 109, 120-21 (Tex. 2004). Waiver requires intent, either the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *In re Gen. Elec. Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006).

**Analogous Clauses**

In Texas, cases concerning waiver in the arbitration context are analogous to questions of waiver relating to forum selection clauses. *See Automated Collection Technologies*, 156 S.W.3d at 559. The Texas Supreme Court has described an arbitration agreement as "another type of forum-selection clause" and has stated that it "see[s] no meaningful distinction between this type of forum-selection clause and arbitration clauses." *AIU Ins.*, 148 S.W.3d at 115, 116. The court has further concluded that the law applicable to arbitration cases concerning waiver and the availability of an adequate appellate remedy also applies by analogy to the same matters in the context of forum selection clauses. *Id.* at 115, 121.

Arbitration is favored by public policy. *See In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex. 1998). A strong presumption exists against finding a waiver of the right to arbitration, and any doubts regarding waiver are resolved in favor of arbitration. *See id.* at 704-05. Whether waiver occurs depends on the individual facts and circumstances of each case. *Interconex, Inc. v. Ugarov*, 224 S.W.3d 523, 533 (Tex. App.–Houston [1st Dist.] 2007, no pet.).

A party may waive its right to arbitrate by taking an action inconsistent with that right to the opposing party's prejudice. *In re Citigroup Global Markets, Inc.*, 202 S.W.3d 477, 481-82 (Tex. App.–Dallas 2006, orig. proceeding). One of the factors relevant in making a prejudice determination is whether a party failed to timely assert its right to arbitrate a dispute. *Republic Ins. Co. v. Paico Receivables, LLC*, 383 F.3d 341, 346 (5th Cir. 2004). While the mere failure to assert the right to demand arbitration does not alone translate into a waiver of that right, this failure does bear on the question of prejudice, and may, along with other considerations, require a court to conclude that waiver has occurred. *Id.*

**Analysis**

In its contractual dealings with Prescott, Texas Trading acted as agent on behalf of its principal, ADM. Prescott alleged that ADM and Texas Trading, as principal and agent, were jointly and severally liable to her for their allegedly wrongful actions. The causes of action she asserted against both ADM and Texas Trading involved the same facts and same witnesses. ADM and Texas

4

Trading responded separately to Prescott's suit. The primary difference between their responses was that ADM sought to enforce the forum selection clause while Texas Trading did not. Texas Trading was bound by the forum selection clause. *See* **NOOC,** 222 S.W.3d at 898. But instead of seeking to enforce it, Texas Trading, immediately after ADM filed its motion to dismiss, requested a hearing on its motion to transfer venue.

By its inaction, ADM allowed its agent, Texas Trading, to irrevocably establish Hopkins County as the venue where Prescott's suit against Texas Trading would be tried. ADM did not timely assert its motion to dismiss during the two months in which Texas Trading's motion to transfer venue was set for hearing. Nor did ADM seek to continue the hearing on Texas Trading's motion to transfer venue to a date after ADM's motion to dismiss had been heard. Instead, four days before the date of the hearing on Texas Trading's motion to transfer venue, ADM requested a setting on its motion to dismiss. The date ADM requested was February 8, 2008, approximately one month after the hearing on Texas Trading's motion was to occur.

Had ADM pressed forward first with its motion to dismiss, the trial court would have had no choice but to grant it due to the mandatory forum selection clause in the contract. This would have required Texas Trading to defend the suit alongside ADM in Illinois if Prescott had refiled there. Because of ADM's failure to timely assert its motion to dismiss, Prescott has no choice but to try her suit against Texas Trading in Hopkins County, Texas.

ADM's failure to assert its motion to dismiss prior to the hearing on Texas Trading's motion to transfer venue was inconsistent with its right to enforce the forum selection clause. The granting of ADM's motion to dismiss would have resulted in prejudice to Prescott because she would be required to try two suits involving the same facts and the same witnesses in two separate states, Texas and Illinois. Therefore, we conclude that ADM waived its right to enforce the forum selection clause.

## DISPOSITION

Based upon our review of the record and the foregoing analysis, we conclude that the trial court did not abuse its discretion in denying ADM's motion to dismiss based on its forum selection

clause. Therefore, we ***deny*** ADM's petition for writ of mandamus.

      __JAMES T. WORTHEN__
      Chief Justice

Opinion delivered June 30, 2008.
*Panel consisted of Worthen, C.J. and Griffith, J.*
*Hoyle, J., dissenting.*

      I respectfully dissent. Because ADM's conduct did not substantially invoke the judicial process, ADM did not waive enforcement of the forum selection clause. Thus, Prescott failed in her burden to establish waiver by ADM. Similarly, Prescott failed to establish that the forum selection clause should not be enforced because it is unreasonable or unjust or invalid for any other reason. The trial court then had but one proper course of action, which was to grant ADM's motion to dismiss. Because the trial court did not proceed in that manner, the trial court abused its discretion. Therefore, I would grant ADM's petition for writ of mandamus and order the trial court to vacate its order of February 11, 2008 in which it denied ADM's motion to dismiss without prejudice and instead issue an order granting ADM's motion to dismiss.

## BACKGROUND

      Prescott, along with Lowther, opened a commodity account with ADM. In early 2004, ADM closed Prescott's commodity account because it had a significant deficiency. As a result of the deficiency in Prescott's account, ADM collected in excess of $100,000 from Texas Trading, because Texas Trading was responsible for the debt in its role as introducing broker. Texas Trading then filed suit against Prescott in Hopkins County, Texas. ADM was not a party to this suit. Texas Trading obtained a judgment against Prescott.

      On September 11, 2007, Prescott filed suit against ADM and Texas Trading in Rains County. Texas Trading filed a motion to transfer venue and an answer. On October 18, 2007, ADM filed an answer, motion to dismiss, and motion to transfer venue. The motion to dismiss was based on a forum selection clause contained in the contract between Prescott and ADM. Next, Texas Trading requested a hearing on its motion to transfer venue, and that hearing was set for January 11, 2008. On January 7, 2008, ADM sent a letter via facsimile to Prescott's counsel stating that ADM's motion to transfer would not be heard on January 11, 2008, because ADM first wanted the court to hear its motion to dismiss. ADM further stated in the letter of January 7, 2008 that its motion to dismiss was set to be heard on February 8, 2008. On January 22, 2008, the trial court transferred Prescott's case against Texas Trading from Rains County to Hopkins County. The trial court then conducted an evidentiary hearing on ADM's motion to dismiss on February 8, 2008. On February 11, 2008, the trial court denied ADM's motion to dismiss.

## MANDAMUS - STANDARD OF REVIEW

      Mandamus will issue if the relator establishes a clear abuse of discretion for which there is no adequate appellate remedy. ***In re Prudential Ins. Co. of Am.***, 148 S.W.3d 124, 135-36 (Tex. 2004). When a trial court refuses to enforce a valid forum selection clause, there is no adequate

6

appellate remedy. ***In re Lyon Fin. Services, Inc.***, No. 07-0486, 2008 Tex. LEXIS 580, at \*5-6 (Tex. June 20, 2008) (per curiam). Thus, when reviewing a trial court's denial of a motion to dismiss based on a forum selection clause, our focus is whether the trial court clearly abused its discretion. To determine whether the trial court clearly abused its discretion, the reviewing court must consider whether the challenged ruling or order was one compelled by the facts and circumstances or was arbitrary, unreasonable, or reached without reference to any guiding rules or principles. ***In re Huag***, 175 S.W.3d 449, 451 (Tex. App.–Houston [1st Dist.] 2005, orig. proceeding). A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. ***Walker v. Packer***, 827 S.W.2d 833, 840 (Tex. 1992).

## FORUM SELECTION CLAUSE

Generally, a forum selection clause must be enforced. ***In re AIU Ins. Co.***, 148 S.W.3d 109, 111-12 (Tex. 2004). A party opposing enforcement of a forum selection clause must clearly show that enforcement is unreasonable and unjust, or that the clause is invalid for some other reason such as fraud or overreaching. ***In re Automated Collection Technologies, Inc.***, 156 S.W.3d 557, 559 (Tex. 2004). This is a heavy burden. *See **id.*** When the inconvenience of litigating in the chosen forum is foreseeable at the time of contracting, the party seeking to avoid the clause must establish that "trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." ***AIU Ins. Co.***, 148 S.W.3d at 113 (quoting ***M/S Bremen v. Zapata Off-Shore Co.***, [407 U.S. 1,] 18, 92 S. Ct. 1907, [1917, 32 L. Ed. 2d 513 (1972)]). To be found overreaching, the forum selection clause must result in unfair surprise or oppression. *See **Lyon Fin.***, 2008 Tex. LEXIS 580, at \*9.

## WAIVER

When addressing waiver of a forum selection clause, arbitration cases are analogous. ***Automated Collection Technologies***, 156 S.W.3d. at 559. Like any other contract right, a forum selection clause can be waived if the parties agree instead to resolve a dispute in Texas courts. *See **Perry Homes v. Cull***, 51 Tex. Sup. Ct. J. 819, 2008 Tex. LEXIS 423, at \*28 (Tex. May 2, 2008) (not yet released for publication) (discussing waiver of arbitration rights). A party waives a forum selection clause by substantially invoking the judicial process. *See **id.***, at \*18. We begin with a strong presumption against waiver. *See **id.*** Waiver is a legal question decided on a case by case basis by reviewing the totality of the circumstances. *See **id.***, at \*23; ***In re Fleetwood Homes of Tex., L.P.***, No. 06-0943, 2008 Tex. LEXIS 579, at \*2 (Tex. June 20, 2008) (per curiam) (not yet released for publication). Those circumstances include: 1) when the movant knew of the forum selection clause, 2) how much discovery has been conducted, 3) who initiated it, 4) whether it related to the merits rather than the forum selection clause's applicability, 5) how much of it would be useful in the other forum, and 6) whether the movant sought judgment on the merits. *See **id.,*** at \*23-24. The waiver of a forum selection clause can be implied from a party's unequivocal conduct, but in close cases, the "strong presumption against waiver" governs. *See **id.***, at \*28. Additionally, the party opposing the enforcement of the forum selection clause must establish that it suffered prejudice as a result of the actions constituting waiver. ***Automated Collection Technologies***, 156 S.W.3d at 559.

The Texas Supreme Court has decided against waiver when a party delayed five months in seeking enforcement of a forum selection clause, requested a jury trial, paid a jury fee, and filed a general denial that did not raise the forum selection issue. ***AIU Ins. Co.***, 148 S.W.3d at 120-21 ("We

have held that [five months], and indeed far longer, delays are not a waiver of an arbitration clause, and there is no sound basis for applying a different rule to the genre of forum-selection clauses. . . .") (internal citations omitted).  Similarly, the Texas Supreme Court has decided against waiver when a party delayed four months in seeking enforcement of a forum selection clause, filed general and special denials that did not raise the forum selection issue, brought counterclaims, served requests for disclosure, twenty-eight requests for production, twenty-five requests for admissions, and nine interrogatories, and filed a motion to compel discovery responses.  *Automated Collection Technologies*, 156 S.W.3d at 558-60.

Here, although the majority finds that ADM waived enforcement of the forum selection clause, ADM committed far fewer actions that "substantially invoked the judicial process."  ADM immediately raised the forum selection issue by filing a motion to dismiss in its initial responsive pleading.  Although ADM waited almost four months to have its motion to dismiss heard, there is no evidence in the record that it conducted any discovery or sought any relief, much less judgment on the merits, from the trial court in the interim.  Instead, Prescott simply focuses on the actions of a codefendant in obtaining a transfer of venue as her basis for arguing that ADM waived enforcement of the forum selection clause.  As it relates to ADM's actions, all that was shown was a delay of almost four months to obtain a hearing on its motion to dismiss and a lack of objection to a codefendant's motion to transfer venue.  Under these facts, Prescott failed to clearly demonstrate that ADM substantially invoked the judicial process, and thus, ADM did not waive enforcement of the forum selection clause.

## UNJUST, UNREASONABLE, OR OVERREACHING

Although not relied upon by the majority, Prescott further argues that ADM's motion to dismiss based on the forum selection clause is improper because requiring Prescott to proceed in Illinois would be unjust and unreasonable.  Finally, Prescott argues that the forum selection clause is overreaching.

Prescott has failed in her heavy burden to establish that the forum selection clause is unjust or unreasonable.  While certainly a trial in Texas is more convenient for a Texas resident, nothing in the record establishes that Prescott could not proceed in Illinois.  In fact, "[b]y entering into an agreement with a forum-selection clause, the parties effectively represent to each other that the agreed forum is not so inconvenient that enforcing the clause will deprive either party of its day in court, whether for cost or other reasons."  *Lyon Fin.*, No. 07-0486, 2008 Tex. LEXIS 580, at *13.  Because Prescott failed to present evidence that a trial in Illinois would for all practical purposes deprive her of her day in court, ADM's motion to dismiss could not be denied as unjust or unreasonable.

Similarly, Prescott has failed to establish that the clause is overreaching.  Prescott read the contract prior to signing it, and she does not argue that she was unaware of the forum selection clause in the contract. Prescott presented no evidence of overreaching or trickery by ADM.  Instead, the evidence simply shows a transaction in which ADM offered to do business on a specified basis and Prescott accepted.  Because Prescott presented no evidence that the forum selection clause results in unfair surprise or oppression, ADM's motion to dismiss could not be denied as overreaching.

## CONCLUSION

Because Prescott failed to carry her burden to establish waiver by ADM, the unjustness and

unreasonableness of the forum selection clause, or overreaching by ADM in obtaining Prescott's agreement to the clause, the trial court had but one option, which was to grant the motion to dismiss. In denying ADM's motion to dismiss, the trial court abused its discretion, and ADM is entitled to mandamus. Because the majority has concluded otherwise, I respectfully dissent.


                                               BRIAN HOYLE
                                                 Justice

(PUBLISH)