NO. 07-08-0305-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 2, 2009

_____

CARRIE WELCH, APPELLANT

V.

NIGHTINGALE NURSES, LLC, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 96,399-A; HONORABLE HAL MINER, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

By a sole issue, Appellant, Carrie Welch, challenges the trial court's order dismissing her suit against Appellee, Nightingale Nurses, LLC. Welch maintains the trial court should not have found there was an enforceable contractual forum selection clause

that required her action to be prosecuted in Palm Beach County, Florida, because Texas was an improper forum. We affirm.

## Background Facts

Welch signed an employment contract with Nightingale Nurses, LLC, a Florida company, to work as an EEG technician at Northwest Texas Hospital. She suffered an on-the-job injury and after the pain became unbearable, sought treatment in the emergency room. She was advised to file a worker's compensation claim. She did so and notified Nightingale and her supervisor of the claim. Her supervisor expressed a need for her to continue to work due to another employee taking time off. Welch contacted her orthopedic surgeon, who hesitantly released her for light duty work. She informed Nightingale and her supervisor of her limited release.

According to Welch's affidavit, within four hours of giving notice of her release to light duty, a nurse manager employed by Nightingale in Florida informed her that her employment contract was being cancelled and she was being let go. She was advised not to contact the hospital or her supervisor and was told where to return her keys and pager.

Welch filed suit against Nightingale Nurses in Texas for retaliatory discharge in violation of section 451.001 of the Texas Labor Code. *See* Tex. Lab. Code Ann. § 451.001 (Vernon 2006). Nightingale responded with a motion to dismiss and subject thereto, an original answer. Nightingale alleged that dismissal was proper due to an enforceable

2

contractual forum selection clause in Welch's employment contract that required suit to be filed in Palm Beach County, Florida.

Paragraphs 12(b) and 12(c) of Welch's employment contract provide:

b. The parties hereto agree that the State and Federal courts located in the County of Palm Beach, State of Florida shall have in personam jurisdiction over each of them for the purpose of litigating any dispute, controversy, or proceeding arising out of or related to this [contract] . . . .

c. The parties hereto agree that any controversy, action or proceeding arising out of this [contract] shall be tried and litigated exclusively in the State or Federal courts located in the County of Palm Beach, State of Florida. The aforementioned choice of venue is intended by the parties to be mandatory and not permissive in nature, thereby precluding the possibility of litigation between the parties with respect to or arising out of this [contract] in any jurisdiction other than that specified in this paragraph. Each party hereby waives any right he/she may have to assert the doctrine of forum non conveniens or similar doctrine or to object to venue with respect to any proceeding brought in accordance with this paragraph.

Welch filed a response to the motion to dismiss alleging that dismissal was not proper because (1) Nightingale did not challenge the jurisdiction of the trial court by filing a special appearance as required by Rule 120a of the Texas Rules of Civil Procedure[1] and

---

[1]Rule 120a provides a remedy whereby a party objecting to a claim of jurisdiction of the court may challenge that claim without subjecting their person or property to that jurisdiction. A special appearance shall be made by sworn motion and filed prior to a motion to transfer venue or any other plea, pleading, or motion. Tex. R. Civ. P. 120a(1). Any appearance prior to judgment not in compliance with Rule 120a constitutes a general appearance. *Id*. Although Welch raised Nightingale's failure to file a special appearance

(2) no motion to transfer venue was filed before filing any other pleading. Welch further asserted that Nightingale submitted itself to the jurisdiction of Texas courts and that the motion to dismiss failed on the merits because her lawsuit arose out of a worker's compensation claim in which public interest favors a Texas forum.

After the motion to dismiss was submitted, the trial court signed an order granting the dismissal without prejudice to refiling in Palm Beach County, Florida. The trial court did not specify any grounds for its ruling. Welch prosecuted this appeal.

**Standard of Review–Forum Selection Clause**

A motion to dismiss is a proper procedural mechanism for enforcing a forum selection clause when a party to the agreement has violated the agreement by filing suit in a non-conforming forum. *See In re ADM Investor Services*, *Inc.*, 257 S.W.3d 817, 819 (Tex.App.–Tyler 2008, orig. proceeding); *Deep Water Slender Wells, Ltd. v. Shell Int'l Exploration & Prod., Inc.,* 234 S.W.3d 679, 687 (Tex.Civ.App.–Houston [14th Dist.] 2007, pet. denied)(citing *In re AIU Ins. Co.,* 148 S.W.3d 109, 111-21 (Tex. 2004)(original proceeding)). We review a trial court's ruling on a motion to dismiss for abuse of discretion. *See Phoenix Network Technologies* (*Europe*) *Ltd. v. Neon Systems, Inc.*, 177

---

in her pleadings, she does not present that argument on appeal. Regardless, courts do not require that a party file a special appearance to perfect its right to enforce a forum-selection clause. *See In re AIU Ins. Co.,* 148 S.W.3d 109, 121 (Tex. 2004).

S.W.3d 605, 610 (Tex.App.–Houston [1st Dist.] 2005, no pet.). *See also In re AUI Ins. Co.*, 148 S.W.3d at 111-12.

## Forum Selection Clauses

Forum selection clauses are generally enforceable, and a party attempting to show that such a clause should not be enforced bears a heavy burden. *In re International Profit Associates, Inc.*, 274 S.W.3d 672, 675 (Tex. 2009) (orig. proceeding) (per curiam) (citing *In re Lyon Fin. Servs., Inc.*, 257 S.W.3d 228, 232 (Tex. 2008) (orig. proceeding) (per curiam)). While a forum selection clause does not deprive a trial court of jurisdiction, it does provide a basis upon which the trial court can dismiss the proceeding without prejudice. In other words, a dismissal based upon a forum selection clause is not a dismissal for want of jurisdiction; it is, instead, a dismissal based upon an enforceable contractual agreement between the parties fixing the exclusive jurisdiction in a specific location. *See In re International Profit Associates, Inc.*, 274 S.W.3d at 677. *See also Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 792 (Tex. 2005). A trial court abuses its discretion if it refuses to enforce a forum selection clause unless the party opposing enforcement clearly shows that (1) the clause is invalid for reasons of fraud or overreaching, (2) enforcement would be unreasonable or unjust, (3) enforcement would contravene a strong public policy of the forum where the suit was brought, or (4) the selected forum would be seriously inconvenient for trial. *In re International Profit Associates, Inc.*, 274 S.W.3d at 675*; In re Lyon Fin. Servs., Inc.*, 257 S.W.3d at 231-32.

5

## Discussion

Welch's sole contention is that the trial court should not have found that the forum selection clause was enforceable and that Texas was an improper forum. Specifically, she argues that dismissal of her claim was unwarranted because her cause of action arose from a Texas worker's compensation claim, Nightingale is a subscriber of Texas worker's compensation insurance, and public interest strongly favors a Texas forum. We disagree.

Welch has not demonstrated that the forum selection clause was unenforceable due to fraud or overreaching, nor has she shown that the selected forum would be seriously inconvenient for trial. Instead, she argues that the forum selection clause in her case should have been disregarded because "public interest strongly favors a Texas forum" and because enforcement of this particular forum selection clause would be unreasonable and unjust.

A forum selection clause is not binding and may be disregarded by the trial court if public policy strongly favors jurisdiction in a forum other than the one to which the parties have agreed. *Holeman v. National Business Institute*, *Inc.*, 94 S.W.3d 91, 97 (Tex.App.–Houston [14th Dist.] 2002, pet. denied). *Holeman* addressed the enforceability of a forum selection clause in the context of a challenge to a covenant not to compete. In affirming the trial court's decision to enforce the forum selection clause, the court noted that Holeman had not shown that enforceability of the clause would "subvert Texas public policy." *Id*. at 99. Nor did Holeman show that the foreign forum would not apply Texas law

6

or that a Texas resident would receive inconsistent or inequitable treatment in that forum. *Id.*

Welch argues that because her suit arose from a violation of the Texas Labor Code which governs worker's compensation actions, public interest or public policy favors a Texas forum. Welch's argument assumes that a forum in another State would not apply Texas law. This assumption is incorrect. *Holeman*, 94 S.W.3d at 98-99. Enforcement of a forum selection clause does not automatically determine the law applicable to the case. *See id* at 99*. See also In re AutoNation*, *Inc.*, 228 S.W.3d 663, 669 (Tex. 2007) (orig. proceeding) (citing *In re AIU,* 148 S.W.3d at 114) (recognizing that even where Texas statutory provisions specify the application of Texas law, these provisions are irrelevant to the enforceability of a forum selection clause where no statute "requires suit to be brought or maintained in Texas").

Welch has not cited, and we do not find, any case where a Texas court has refused to enforce a contractual forum selection clause on public policy grounds in a worker's compensation retaliation claim. In the absence of any recognized public policy, either through judicial opinion or through a statute, we decline to find that there is a "strong public policy" against enforcement of the agreement of the parties under these circumstances. *See In re Great Lakes Dredge & Dock Co. L.L.C.*, 251 S.W.3d 68, 78 (Tex.App.–Corpus Christi 2008, no pet.)

Welch does contend that Potter County, Texas, is the appropriate forum for her suit because her injury occurred there, her worker's compensation claim was reported and filed there, most witnesses reside there, and she would have difficulty obtaining a Florida attorney to represent her in a case in Florida that applies Texas worker's compensation laws. These circumstances, she argues, render enforcement of the forum selection clause unreasonable and unjust. However, she cites no authority to support these contentions. *See generally Holeman*, 94 S.W.3d at 100 (finding Holeman's complaints of inconvenience, expense, and unequal bargaining power insufficient to hold a forum selection clause unenforceable).

Welch has not demonstrated applicability of any of the exceptions to enforceability of a forum selection clause. Consequently, we find the trial court did not abuse its discretion in granting Nightingale's motion to dismiss and overrule Welch's sole issue. As Nightingale points out, enforcement of the clause does not deprive Welch of her day in court; it simply compels her to have her day in court in a forum previously agreed to by the parties, i.e., Florida.

The trial court's order of dismissal is affirmed.


Patrick A. Pirtle
Justice

8