NO. 07-08-0305-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 2, 2009

______________________________


CARRIE WELCH, APPELLANT

V.

NIGHTINGALE NURSES, LLC, APPELLEE


_________________________________

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 96,399-A; HONORABLE HAL MINER, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          By a sole issue, Appellant, Carrie Welch, challenges the trial court’s order
dismissing her suit against Appellee, Nightingale Nurses, LLC. Welch maintains the trial
court should not have found there was an enforceable contractual forum selection clause
that required her action to be prosecuted in Palm Beach County, Florida, because Texas
was an improper forum. We affirm.
Background Facts
          Welch signed an employment contract with Nightingale Nurses, LLC, a Florida
company, to work as an EEG technician at Northwest Texas Hospital. She suffered an on-the-job injury and after the pain became unbearable, sought treatment in the emergency
room. She was advised to file a worker’s compensation claim. She did so and notified
Nightingale and her supervisor of the claim. Her supervisor expressed a need for her to
continue to work due to another employee taking time off. Welch contacted her orthopedic
surgeon, who hesitantly released her for light duty work. She informed Nightingale and her
supervisor of her limited release. 
          According to Welch’s affidavit, within four hours of giving notice of her release to
light duty, a nurse manager employed by Nightingale in Florida informed her that her
employment contract was being cancelled and she was being let go. She was advised not
to contact the hospital or her supervisor and was told where to return her keys and pager.
          Welch filed suit against Nightingale Nurses in Texas for retaliatory discharge in
violation of section 451.001 of the Texas Labor Code. See Tex. Lab. Code Ann. § 451.001
(Vernon 2006). Nightingale responded with a motion to dismiss and subject thereto, an
original answer. Nightingale alleged that dismissal was proper due to an enforceable
contractual forum selection clause in Welch’s employment contract that required suit to be
filed in Palm Beach County, Florida.
          Paragraphs 12(b) and 12(c) of Welch’s employment contract provide:
          b.       The parties hereto agree that the State and Federal courts
located in the County of Palm Beach, State of Florida shall
have in personam jurisdiction over each of them for the
purpose of litigating any dispute, controversy, or proceeding
arising out of or related to this [contract] . . . . 
          c.        The parties hereto agree that any controversy, action or
proceeding arising out of this [contract] shall be tried and
litigated exclusively in the State or Federal courts located in the
County of Palm Beach, State of Florida. The aforementioned
choice of venue is intended by the parties to be mandatory and
not permissive in nature, thereby precluding the possibility of
litigation between the parties with respect to or arising out of
this [contract] in any jurisdiction other than that specified in this
paragraph. Each party hereby waives any right he/she may
have to assert the doctrine of forum non conveniens or similar
doctrine or to object to venue with respect to any proceeding
brought in accordance with this paragraph.
 
          Welch filed a response to the motion to dismiss alleging that dismissal was not
proper because (1) Nightingale did not challenge the jurisdiction of the trial court by filing
a special appearance as required by Rule 120a of the Texas Rules of Civil Procedure


 and
(2) no motion to transfer venue was filed before filing any other pleading. Welch further
asserted that Nightingale submitted itself to the jurisdiction of Texas courts and that the
motion to dismiss failed on the merits because her lawsuit arose out of a worker’s
compensation claim in which public interest favors a Texas forum.
          After the motion to dismiss was submitted, the trial court signed an order granting
the dismissal without prejudice to refiling in Palm Beach County, Florida. The trial court 
did not specify any grounds for its ruling. Welch prosecuted this appeal.
Standard of Review–Forum Selection Clause
          A motion to dismiss is a proper procedural mechanism for enforcing a forum
selection clause when a party to the agreement has violated the agreement by filing suit
in a non-conforming forum. See In re ADM Investor Services, Inc., 257 S.W.3d 817, 819
(Tex.App.–Tyler 2008, orig. proceeding); Deep Water Slender Wells, Ltd. v. Shell Int’l
Exploration & Prod., Inc., 234 S.W.3d 679, 687 (Tex.Civ.App.–Houston [14th Dist.] 2007,
pet. denied)(citing In re AIU Ins. Co., 148 S.W.3d 109, 111-21 (Tex. 2004)(original
proceeding)). We review a trial court’s ruling on a motion to dismiss for abuse of
discretion. See Phoenix Network Technologies (Europe) Ltd. v. Neon Systems, Inc., 177
S.W.3d 605, 610 (Tex.App.–Houston [1st Dist.] 2005, no pet.). See also In re AUI Ins. Co.,
148 S.W.3d at 111-12. 
Forum Selection Clauses
          Forum selection clauses are generally enforceable, and a party attempting to show
that such a clause should not be enforced bears a heavy burden. In re International Profit
Associates, Inc., 274 S.W.3d 672, 675 (Tex. 2009) (orig. proceeding) (per curiam) (citing
In re Lyon Fin. Servs., Inc., 257 S.W.3d 228, 232 (Tex. 2008) (orig. proceeding) (per
curiam)). While a forum selection clause does not deprive a trial court of jurisdiction, it
does provide a basis upon which the trial court can dismiss the proceeding without
prejudice. In other words, a dismissal based upon a forum selection clause is not a
dismissal for want of jurisdiction; it is, instead, a dismissal based upon an enforceable
contractual agreement between the parties fixing the exclusive jurisdiction in a specific
location. See In re International Profit Associates, Inc., 274 S.W.3d at 677. See also
Michiana Easy Livin’ Country, Inc. v. Holten, 168 S.W.3d 777, 792 (Tex. 2005). A trial
court abuses its discretion if it refuses to enforce a forum selection clause unless the party
opposing enforcement clearly shows that (1) the clause is invalid for reasons of fraud or
overreaching, (2) enforcement would be unreasonable or unjust, (3) enforcement would
contravene a strong public policy of the forum where the suit was brought, or (4) the
selected forum would be seriously inconvenient for trial. In re International Profit
Associates, Inc., 274 S.W.3d at 675; In re Lyon Fin. Servs., Inc., 257 S.W.3d at 231-32. 
Discussion
          Welch’s sole contention is that the trial court should not have found that the forum
selection clause was enforceable and that Texas was an improper forum. Specifically, she
argues that dismissal of her claim was unwarranted because her cause of action arose
from a Texas worker’s compensation claim, Nightingale is a subscriber of Texas worker’s
compensation insurance, and public interest strongly favors a Texas forum. We disagree.
          Welch has not demonstrated that the forum selection clause was unenforceable due
to fraud or overreaching, nor has she shown that the selected forum would be seriously
inconvenient for trial. Instead, she argues that the forum selection clause in her case
should have been disregarded because “public interest strongly favors a Texas forum” and
because enforcement of this particular forum selection clause would be unreasonable and
unjust. 
            A forum selection clause is not binding and may be disregarded by the trial court
if public policy strongly favors jurisdiction in a forum other than the one to which the parties
have agreed. Holeman v. National Business Institute, Inc., 94 S.W.3d 91, 97
(Tex.App.–Houston [14th Dist.] 2002, pet. denied). Holeman addressed the enforceability
of a forum selection clause in the context of a challenge to a covenant not to compete. In
affirming the trial court’s decision to enforce the forum selection clause, the court noted
that Holeman had not shown that enforceability of the clause would “subvert Texas public
policy.” Id. at 99. Nor did Holeman show that the foreign forum would not apply Texas law
or that a Texas resident would receive inconsistent or inequitable treatment in that forum. 
Id.
          Welch argues that because her suit arose from a violation of the Texas Labor Code
which governs worker’s compensation actions, public interest or public policy favors a
Texas forum. Welch’s argument assumes that a forum in another State would not apply
Texas law. This assumption is incorrect. Holeman, 94 S.W.3d at 98-99. Enforcement of
a forum selection clause does not automatically determine the law applicable to the case. 
See id at 99. See also In re AutoNation, Inc., 228 S.W.3d 663, 669 (Tex. 2007) (orig.
proceeding) (citing In re AIU, 148 S.W.3d at 114) (recognizing that even where Texas
statutory provisions specify the application of Texas law, these provisions are irrelevant to
the enforceability of a forum selection clause where no statute “requires suit to be brought
or maintained in Texas”).
          Welch has not cited, and we do not find, any case where a Texas court has refused
to enforce a contractual forum selection clause on public policy grounds in a worker’s
compensation retaliation claim. In the absence of any recognized public policy, either
through judicial opinion or through a statute, we decline to find that there is a “strong public
policy” against enforcement of the agreement of the parties under these circumstances. 
See In re Great Lakes Dredge & Dock Co. L.L.C., 251 S.W.3d 68, 78 (Tex.App.–Corpus
Christi 2008, no pet.) 
          Welch does contend that Potter County, Texas, is the appropriate forum for her suit
because her injury occurred there, her worker’s compensation claim was reported and filed
there, most witnesses reside there, and she would have difficulty obtaining a Florida
attorney to represent her in a case in Florida that applies Texas worker’s compensation
laws. These circumstances, she argues, render enforcement of the forum selection clause
unreasonable and unjust. However, she cites no authority to support these contentions. 
See generally Holeman, 94 S.W.3d at 100 (finding Holeman’s complaints of
inconvenience, expense, and unequal bargaining power insufficient to hold a forum
selection clause unenforceable).
          Welch has not demonstrated applicability of any of the exceptions to enforceability
of a forum selection clause. Consequently, we find the trial court did not abuse its
discretion in granting Nightingale’s motion to dismiss and overrule Welch’s sole issue. As
Nightingale points out, enforcement of the clause does not deprive Welch of her day in
court; it simply compels her to have her day in court in a forum previously agreed to by the
parties, i.e., Florida. 
          The trial court’s order of dismissal is affirmed.
 
                                                                           Patrick A. Pirtle

                                                                                 Justice