IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 08-0570
════════════
 
In re ADM Investor Services, 
Inc., Relator
 
 
════════════════════════════════════════════════════
On Petition for Writ of Mandamus
════════════════════════════════════════════════════
 
 
            
Justice Green delivered the opinion of 
the Court.
 
            
Justice Willett filed a concurring opinion.
 
 
            
In this case, we consider whether the trial court abused its discretion 
by denying a motion to dismiss premised on a forum-selection clause. We conclude 
that it did. The real party in interest did not overcome the presumption against 
the relator’s waiving its right to enforce the 
forum-selection clause, or satisfy her burden to demonstrate that enforcing the 
clause would be unreasonable and unjust. Accordingly, we conditionally grant the 
relator’s petition for writ of mandamus and order the 
trial court to dismiss the case as to the relator.
I
            
Jetta Prescott executed an agreement in 2001 
with ADM Investor Services, Inc., allowing ADM to trade commodities on 
Prescott’s behalf. Texas Trading Company Incorporated acted as a broker and 
guarantor in the transaction. When Prescott’s account balance reached a deficit 
greater than $50,000.00, ADM was authorized to close her account and collect the 
deficit from Texas Trading. In early 2004, Prescott’s balance reached a deficit 
of $57,844.29. ADM closed her account and collected the deficit from Texas Trading’s CEO, Charles Dawson. Dawson filed suit in his 
individual capacity in Hopkins County against Prescott and obtained a judgment 
against her.
            
Prescott then sued both Texas Trading and ADM in Rains County, alleging 
several legal theories including fraud, breach of fiduciary duty, and 
negligence. Texas Trading simultaneously filed an answer and a motion to 
transfer venue to Hopkins County. ADM responded to the suit by filing an answer, 
a motion to dismiss, and, alternatively, a motion to transfer venue to Hopkins 
County. ADM’s motion to dismiss relied on the 
choice-of-law and forum-selection clause in its agreement with Prescott, which 
reads:
All 
actions or proceedings arising directly, indirectly or otherwise in connection 
with, out of, related to, or from this Agreement or any transaction covered 
hereby shall be governed by the law of Illinois and may, at the discretion and 
election of [ADM], be litigated in courts whose situs 
in [sic] within Illinois.
 
            
A hearing was set for Texas Trading’s motion to 
transfer venue. ADM acknowledged the setting for this hearing in a letter to 
Prescott’s counsel, but then elected not to appear so as to avoid potentially 
waiving its motion to dismiss. Instead, approximately three months after filing 
its answer and motion to dismiss, ADM requested a separate hearing on its motion 
to dismiss. After the hearing on Texas Trading’s 
motion to transfer venue, the trial court granted that motion. The trial court 
later conducted a hearing on ADM’s motion to dismiss, 
which it denied. The trial court explained its reasoning in a letter, stating 
that although the forum-selection clause would be enforceable if ADM were the 
lone defendant, “[i]t seems unreasonable to the Court 
for Plaintiff to have to pursue the same cause of action against two defendants 
in two different states.” Nothing in the record before us indicates whether the 
trial court ruled on ADM’s motion to transfer venue to 
Hopkins County, where Prescott’s claims remain pending against Texas Trading. 
The court of appeals denied ADM’s petition for writ of 
mandamus on the alternative ground that ADM waived enforcement. 257 S.W.3d 817, 822 (Tex. App.—Tyler 2008).
II
            
Prescott primarily argues to us that ADM waived enforcement by failing to 
request a hearing sooner or appear at the hearing on Texas Trading’s motion to transfer venue, which prevented the 
trial court from being able to determine the proper forum for the entire case to 
be heard. Prescott also argues that Dawson, as ADM’s 
agent, waived the forum-selection clause by his earlier lawsuit against 
Prescott, and that Texas Trading, as ADM’s agent, 
waived the clause by moving to transfer venue. In the alternative, Prescott 
argues that it would be unreasonable or unjust to enforce the forum-selection 
clause.
            
Mandamus will issue if the relator establishes 
a clear abuse of discretion for which there is no adequate remedy by appeal. 
In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 
135–36 (Tex. 2004). We have consistently granted petitions for writ of 
mandamus to enforce forum-selection clauses because a trial court that 
improperly refuses to enforce such a clause has clearly abused its discretion. 
See In re AIU Ins. Co., 148 S.W.3d 109, 114–15 
(Tex. 2004).
            
A party waives a forum-selection clause by substantially invoking the 
judicial process to the other party’s detriment or prejudice. In re Automated 
Collection Techs., Inc., 156 S.W.3d 557, 559 (Tex. 2004) (per curiam); see also AIU, 148 S.W.3d at 121. There is a 
strong presumption against such waiver. See Perry Homes v. Cull, 
258 S.W.3d 580, 590 (Tex. 2008) (observing strong presumption against waiver of 
arbitration clause); Automated, 156 S.W.3d at 559 (stating that waiver in 
arbitration clause context is analogous to forum-selection clauses). In Perry 
Homes, we adopted a test considering the totality of the circumstances. 
258 S.W.3d at 596. But merely participating in 
litigation does not categorically mean the party has invoked the judicial 
process so as to waive enforcement. Automated, 156 
S.W.3d at 559–60. Waiver can be implied from a party’s unequivocal 
conduct, but not by inaction. See Perry Homes, 258 
S.W.3d at 593.
            
We disagree with the court of appeals that ADM waived enforcement. Simultaneously filing an answer and motion to transfer venue with a 
motion to dismiss falls short of substantially invoking the judicial process to 
Prescott’s detriment or prejudice. Indeed, in both AIU and 
Automated, the defendants participated in the litigation process much 
more substantially. See AIU, 148 S.W.3d at 121 (defendant filed 
answer and request for jury before filing its motion to dismiss); 
Automated, 156 S.W.3d 558–60 (defendant filed answer with counterclaims 
and served substantial discovery requests before filing its motion to dismiss). 
ADM’s approximately three-month delay in requesting a 
hearing also does not compel us to find waiver. We do not consider the length of 
any delay separate from the totality of the circumstances. See Perry 
Homes, 258 S.W.3d at 595–97. Here, despite the gap 
between filing and requesting a hearing, ADM did nothing “unequivocal” to waive 
enforcement. See id. at 593. Moreover, we have 
considered comparable delays before without finding waiver. See AIU, 148 S.W.3d at 121 (five-month delay); 
Automated, 156 S.W.3d 558 (four-month delay).
            
We also reject any agency theory that holds ADM as waiving enforcement 
because of the actions taken by Texas Trading, an initial co-defendant, or its CEO, Dawson. “An agent’s authority to act on behalf of a 
principal depends on some communication by the principal either to the agent 
(actual or express authority) or to the third party (apparent or implied 
authority).” Gaines v. Kelly, 235 S.W.3d 179, 182 (Tex. 
2007). “Because an agent’s authority is presumed to be co-extensive with 
the business entrusted to his care, it includes only those contracts and acts 
incidental to the management of the particular business with which he is 
entrusted.” Id. at 185. Nothing in the record 
suggests that the scope of any agency relationship between ADM and Texas 
Trading, its broker, encompasses the actual authority to waive the 
forum-selection clause during litigation. Likewise, nothing suggests that ADM 
communicated to Prescott that Texas Trading would have such authority.
            
Prescott has also failed to establish an exception under which the trial 
court’s refusal to enforce the forum-selection clause would be permissible. A 
trial court abuses its discretion in refusing to enforce a forum-selection 
clause unless the party opposing enforcement of the clause can clearly show that 
(1) enforcement would be unreasonable or unjust, (2) the clause is invalid for 
reasons of fraud or overreaching, (3) enforcement would contravene a strong 
public policy of the forum where the suit was brought, or (4) the selected forum 
would be seriously inconvenient for trial. In re Lyon Fin. 
Servs., Inc., 257 S.W.3d 228, 231–32 (Tex. 2008) 
(per curiam). The burden of proof is heavy for 
the party challenging enforcement. AIU, 148 S.W.3d at 
113. When inconvenience in litigating in the chosen forum is foreseeable 
at the time of contracting, the challenger must “show that trial in the 
contractual forum will be so gravely difficult and inconvenient that he will for 
all practical purposes be deprived of his day in court.” Id. (quoting 
M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 18 (1972)); see also 
Lyon, 257 S.W.3d at 234 (“By entering into an agreement with a 
forum-selection clause, the parties effectively represent to each other that the 
agreed forum is not so inconvenient that enforcing the clause will deprive 
either party of its day in court, whether for cost or other reasons.”).
            
Prescott failed to meet her heavy burden to establish that enforcing the 
forum-selection clause will be unreasonable or unjust, or seriously 
inconvenient. The mere existence of another defendant does not compel joint 
litigation, even if the claims arise out of the same nucleus of facts. See In 
re Int’l Profit Assocs., Inc., 274 S.W.3d 672, 680 (Tex. 2009) (per curiam) (“If all it takes to avoid a forum-selection clause 
is to join as defendants local residents who are not parties to the agreement, 
then forum-selection clauses will be of little value.”). Indeed, as the case 
reaches us, the trial court already separated the case, isolating ADM as a 
defendant in Prescott’s suit in Rains County. Still, our conclusion would not 
differ even if ADM and Texas Trading were co-defendants in a single forum. 
Nothing in the record establishes that Prescott could not proceed in Illinois. 
Moreover, while a trial in Texas is undoubtedly more convenient for a Texas 
resident, Prescott failed to prove that a trial in Illinois would deprive her of 
her day in court. See Lyon, 257 S.W.3d at 234. 
Prescott’s circumstances here are thus not sufficient to meet the heavy burden 
she has to avoid a forum-selection clause. See AIU, 148 
S.W.3d at 113.
            
We observe that Prescott asserted in her brief to this Court that her 
“health will prevent her from prosecuting her claims in two different states.” 
The record shows that Prescott presented an affidavit to the trial court, 
opposing Texas Trading’s motion to transfer venue to 
Hopkins County. Prescott swore that she was nearing the age of 80, suffered 
chronic health problems including fibromyalgia and 
heart problems, often had difficulty walking, and had been hospitalized several 
times in recent months. Prescott believed that her “case will be severely 
prejudiced if transferred to Hopkins County.” Although we are sympathetic to 
Prescott’s health concerns, the record does not establish that requiring her to 
pursue her claims against ADM in Illinois, the forum to which she agreed in 
2001, would be unreasonable or unjust. Further, even assuming that health 
concerns could render a selected forum sufficiently inconvenient to preclude 
enforcement of a forum-selection clause, we believe that Prescott’s conclusory statements are insufficient to establish such 
inconvenience. Cf. Lyon, 257 S.W.3d at 234 (“If merely stating 
that financial and logistical difficulties will preclude litigation in another 
state suffices to avoid a forum-selection clause, the clauses are practically 
useless.”).[1]
            
By allowing for exceptions when enforcement of forum-selection clauses 
would be unreasonable or unjust, or seriously inconvenient, we, as the Supreme 
Court in M/S Bremen, have recognized that there may be extreme 
circumstances that courts cannot presently anticipate or foresee; but we have 
not established a bright-line test for avoiding enforcement of forum-selection 
clauses. See M/S Bremen, 407 U.S. at 17 (speculating 
that exceptional circumstances could exist such as a forum-selection clause in a 
contract of adhesion, or a controversy that the parties could never have had in 
mind).[2] We have consistently refused to close the 
door to the possibility that exceptional circumstances could exist, even as we 
have chosen not to confront them in particular cases. See, e.g., Int’l 
Profit Assocs., 274 S.W.3d at 679–80; Lyon, 257 S.W.3d at 231–32; 
Michiana Easy Livin’ Country, Inc. v. Holten, 168 S.W.3d 777, 793 (Tex. 2005). Here, though, 
we need not elaborate on these exceptions any further because the sparse record 
in this mandamus case does not demonstrate such exceptional circumstances.
III
            
We conclude that Prescott did not overcome the presumption against ADM’s waiving its right to enforce the forum-selection 
clause by showing that ADM substantially invoked the judicial process. We also 
conclude that Prescott failed to satisfy her burden to demonstrate that 
enforcement of the forum-selection clause would be unjust and unreasonable. 
Accordingly, we hold that the trial court abused its discretion in denying ADM’s motion to dismiss. There is no adequate remedy by 
appeal when a trial court refuses to enforce a forum-selection clause. In re Pirelli Tire, L.L.C., 247 S.W.3d 670, 679 (Tex. 
2007). For these reasons, without hearing oral 
argument, Tex. R. App. P. 52.8(c), we conditionally 
grant ADM’s petition for writ of mandamus and direct 
the trial court to vacate its February 11, 2008 order and grant ADM’s motion to dismiss. We are confident the trial court 
will comply, and the writ will issue only if it fails to do 
so.      
 
                                                                                                                                                
            
__________________________
                                                                                                                                                            
Paul W. Green
                                                                                                                                                            
Justice
 
OPINION DELIVERED: February 19, 
2010
 
 
                                                                                                                                                            








[1] 
In considering the circumstances of this case, we 
offer no opinion as to whether, in a different case, health concerns might be 
sufficient grounds to preclude enforcement of a forum-selection clause, or what 
sort of proof of such health concerns would be required.

[2] 
The Supreme Court clarified in Carnival Cruise 
Lines, Inc. v. Shute that its use of “serious 
inconvenience of the contractual forum” in M/S Bremen was in the context 
of a hypothetical agreement between two Americans to resolve a local dispute in 
a remote alien forum, not an agreement to resolve the dispute in another state. 
499 U.S. 585, 594 
(1991).